Joshua S. Barkley
2234 W. Riviera Drive
Tempe, Arizona, 85282
jbarkley40@yahoo.com

FILED        LODGED
RECEIVED        COPY

AUG 1 8 2016

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

**Plaintiff:**      )

     )

**Joshua S. Barkley,**      )

**sole and single**      )      **CV-16-02777-PHX-DMF**

**Individual party**      )      **Civil Action**

     )

     )      **-FOIA REQUEST REFUSAL**

**VS.**      )      **-REQUEST FOR INJUNCTIVE**

     )        **RELEIF**

     )

     )

**-~~Thomas Perez~~, US Department**      )

**Of Labor / OLMS**      )

**-Independent Certified Emergency** )

**Professionals of**      )

**Arizona / , NAGE/SEIU 5000**      )

     )

1

## STATEMEMT OF CLAIM

This is a civil action submitted to address the failings of the US Governments Department of Labor and its officers to fulfill multiple FOIA requests.  This is an action against the ICEP of Arizona to address their illegal actions as a union against this Plaintiff during law enforcement actions, official government investigations and financial reporting.

A.  1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, to order the production of Department of Labor agency records, concerning an illegal Labor Union election (Civil case number 14-11723-NVW US District Court Arizona), which defendant (Department of Labor) has improperly withheld from plaintiff.

2. This court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

3. Plaintiff, Joshua Barkley, was a candidate in the DOL Supervised Officer election for the Independent Certified Emergency Professionals of Arizona, a PMT Ambulance Employee and previous Union Officer of the ICEP and is the requester of the records which defendant is now intentionally withholding. Plaintiff has requested this information to enforce Labor Union election laws and as evidence in

a civil suit, now proceeding in the Arizona Superior Court, Maricopa and prompt release of the information is essential to stop Labor Union Racketeering and to prevent illegal participation in a civil action now being heard at the Arizona Superior Court of Arizona, Maricopa.

Defendant Department of Labor is an agency of the United States and has possession of the documents that plaintiff seeks. US District Courts retain jurisdiction over federal FOIA requests from a federal agency.  The US District courts retain jurisdiction over matters that originated there. **(Article 1)**

**5.** By letters dated:

a)  August 28th, 2015  FOIA Request 785194

b)  May 11th, 2015, FOIA Request 776556,

c)  December 29th, 2014, FOIA Request 765260,

d)  November 2015.  See 790592 attached.

e)  February 8th, 2016, ignored

f)  February 28th, appeal, ignored

g)  March 30th, 2016, acknowledgement of appeal (no resolution)

h)  April 5th, 2016, acknowledge and assigned as "complex" with a 60 day completion date unless a written objection was filed. A written objection was sent same day but was not acknowledged.  The 60 day imposition by Andrew Davis, FOIA officer for the DOL, has now expired and no information has been produced and Davis has not responded to inquiries.

Plaintiff is demanding immediate access to all FOIA request information and documents, sent between December 2014 and May of 2016.  All copies of documents must be not be redacted or edited in any way. Copies of these requests are attached as **(Article 2).**

6. Responses dated in item #5,  plaintiff was denied access to the requested information on the grounds that it was exempt from disclosure under Exemption 7(A) of the FOIA [codified at 5 U.S.C. §552(b)(7)(A)] to justify nondisclosure.  5 U.S.C. §§ 552(b).  A copy of this letter is attached as **(Article 1).**

7. Letter dated February 28th, 2016, plaintiff appealed the denial of this request. A copy of this letter is also attached as **(Article 1).**

8. Plaintiff's appeal was ignored.

9. Plaintiff has a right of access to the requested information under 5 U.S.C. § 552(a)(3), and there is no legal basis for defendant's denial of such access.

WHEREFORE, plaintiff requests this Court:

(1) Order defendant to provide immediate access to the requested documents as mandated by the Freedom of Information Act;

(2) Expedite this proceeding as provided for in 28 U.S.C. § 1657;

(3) Award plaintiff costs and reasonable fees in this action, as provided in 5 U.S.C. § 552(a)(4)(E); and

(4) Grant such other and further relief as may deem just and proper.

**Respectfully submitted,**

**Request for Preliminary  Injunction against the Independent Certified Emergency Professionals / NAGE / SEIU 5000**

B. 1) This case is a civil action that also alleges The Independent Certified Emergency Professionals of Arizona and its affiliate, The International Association

of EMTs and Paramedics, NAGE, SEIU 5000, are operating illegally and possibly participating in Labor racketeering by infiltration, exploitation, and/or control of a union,  employer entity, and workforce at PMT (Lifeline) Ambulance.  (Mesa Arizona) An official complaint was filed by this Plaintiff to the Office of Inspector General of the Department of Labor on May 8th, 2016.  The OIG acknowledged receipt of evidence on May 25th, 2016.

## Justification for Immediate Injunctive Relief

## 1) Irreparable harm

The ICEP of Arizona / NAGE / SEIU 5000 is collecting dues without necessary Department of Labor or National Labor Relations Board authority.  They have no certification of representation from any government agency to practice as a labor Union at PMT Ambulance (dba Lifeline). On March 24th, the ICEP held an affiliation election to affiliate with the International Association of EMTs and Paramedics.  The persons in charge of that election were not certified by the Department of Labor or the US District Courts to opearate as officers of any union, therefore their actions and the affiliation is void.

6

The non-certified officers of the ICEP terminated the ICEP on April 15th, 2015 **(Article 3)** and the US District Court refused to certify the election granting them the authority to decertify any union, therefore the decertification is void. **(Article 4)** and there has not been any NLRB Union elections for representation at PMT Ambulance within the last 3 years, therefore the action of the ICEP/NAGE/SEIU 5000 are void.  Thusly, all actions, affiliations, contracts and agreements entered into by the defendant and / or its officers are void and the plaintiffs right to due process as a civil, pro se plaintiff in case No.  CV2015-091339 is being violated forthwith.

The Union cannot dispute material facts pertaining to the termination of the Defendants entity. There were no petitions or cards signed by Defendants members to decertify or terminate the union, The ICEP of Arizona.  Therefore, not only did the non-certified officers terminate the Defendant entity without authority of the Federal Court as required by   (Labor-Management Reporting and Disclosure Act, 29 U.S.C. 501) ,  (29 U.S.C. 482) Sec. 402 , they also did not obtain the authority to decertify the defendant from its members as required under the National Labor Relations Act Section 9 (c), All are violations of Federal Law.

6) There were no union elections for sole representation authority for the International Association of EMT's and Paramedics, (aka) NAGE/SEIU5000 and

supposed affiliate of the Defendant (ICEP of Arizona), therefore the

ICEP/NAGE/SEIU 5000 cannot retain counsel for defense.

7) All previous statements of fact are described and imbedded in Federal and State

Law and cannot be disputed by the Defense.

1) (29 U.S.C. 482)  Sec. 402

2) (Labor-Management Reporting and Disclosure Act, 29 U.S.C. 501)

3) (A.R.S. 13-2006.)

4) National Labor Relations Act Section 9 (b)(c)

The Union(s) and their legal representatives have continued to litigate a civil suit

against the Union for Breach of Contract and Unjust enrichment, (case number

CV-2015-091339, Arizona Superior Court Maricopa) when they are not the legal

representatives of the union and possess no authority to operate as a Union under

*USC code 42, enforcement of Union Officer elections*.  These are non-

discretionary mandates of the courts and the Department of Labor, both parties

have purposely refused to correct the situation they created, through an illegal

election, operating as fraudulent officers on the ICEP Union Executive board,

fraudulent dues collections, false statements to the government, fraudulent

financial reporting, illegal loans and conspiracy to infiltrate a union to retain control of their finances.

1) Processed to themselves illegal loans as reported in the LM-4 form on January 30th, 2016.

2) Illegally hired legal counsel to defend a civil suit against the Union.  The Union began dues collections in August –September of 2015 and made several illegal financial arrangements.  In Smithfield vs. UFCW, the US District courts found that malicious and intentional acts against a plaintiff over union recognition are extortion.

*Smithfield versus UFCW case Virginia US District Court 2007, Malicious and intentional acts against the Plaintiff. The Virginia Us District Courts have found in Smithfield versus the UFCW that "Union Recognition" is extortable property because of the financial relationship included in an organizing win. The Union looked to obtain a financial gain for itself.*

In this case, the Plaintiff is the founder and President of the Independent Certified Emergency Professionals.  The ICEP/NAGE/SEIU 5000 has violated the Plaintiffs rights to due process in State civil case by diverting dues to their organization and

falsely presenting themselves as the union to the PMT Employees and as the

defendant in case #  CV-2015-091339, Arizona Superior Court, Maricopa.


## 2) **Inadequacy of Legal remedies**

Plaintiff's ongoing attempts to compel the Union and their legal representatives to

prove authenticity have been denied without explanation. The US District Court

Judge in Federal case no. **CV-2015-00713-PHX-SPL**  denied all of the Defendants

(ICEP/NAGE/SEIU 5000) arguments for motion to dismiss the Plaintiffs case after

the defendant improperly removed the case from the state and all of the defendants

arguments were rejected.  A Federal injunction was requested by the Plaintiff in

June of 2015 but was ruled on as moot point after the case was remanded back to

State court.  Injunctions requested by the Plaintiff in the state case were denied

without commentary, but new material evidence has arisen since that time.  The

defense in that civil case refuses to withdraw and continues to act as legal

representation for a defendant that was terminated prior to the defense counsel

initial answer to the complaint.

# A balance of hardships tipping in favor of the party seeking the Injunction:

The plaintiff is a pro se litigant and is without the resources of the Defendant(s). Furthermore, the material evidence involved in this request for injunction reveals hardships has been imposed on the Plaintiff since April of 2015. The Defendant terminated the entity on April 15, 2015 and failed to notify the Plaintiff or the Courts.

All actions of these individual officers of the defendant (ICEP/NAGE/SIU 5000) are void and all subsequent pleadings are imposed hardship by definition. The Pro-se Plaintiff is left to litigate against three government agencies, two labor unions and conduct a civil case at the same time, without the resources to do so.

# Consideration of the public interest

This case involves the representation of the employees of an ambulance company that contracts with municipalities and government agencies involved in financial reimbursement for those services.  The illegal operations of a labor union representing Paramedics, Emergency Medical Technicians and Registered Nurses is criminal and imposes a moral dilemma on the company, the Plaintiff and the employees.  The Defendant continues to act as a labor union when material evidence shows that they have no jurisdiction or federal authority to operate as

such.

## PRAYER FOR IMMEDIATE RELEIF

## ALL STANDARDS FOR PERLIMINARY INJUNCTION ARE ACHIEVED

**1.** (a) Monetary damages are mounting,

(b) Irreparable harm has occurred, and is occurring with the full knowledge of the union and the Federal agencies involved.

(c) The Plaintiff has presented material evidence of this fraud and the documents involved in the FOIA requests will greatly enhance the Plaintiffs case for jury trial victory in the Federal Courts.

(d) The defendant bears no burden outside of their own actions.  The Plaintiff will benefit by the termination of all civil rights violations against him (as described). The ongoing burden of litigating at least one civil case against a criminal enterprise will be lifted.

(e) The Plaintiff retains the right to sue under federal law and the ongoing fraudulent defense in Arizona civil court is damaging the Plaintiffs rights to due process under the law.

For the reasons submitted in this request and the overwhelming weight of the material evidence against the ICEP/NAGE/SEIU/5000, the plaintiff asks for immediate court intervention by the following injunctive relief:

1) Place a Cease and desist order against the ICEP/NAGE/SEIU 5000 demanding immediate cessation of all union activities, representation, government complaints and collections of dues at PMT Ambulance (dba Lifeline ambulance) Mesa Arizona.

2) Place a Cease and desist order directing the ICEP/NAGE/SEIU 5000 to withdraw the illegal representation at the Arizona Superior Court, Maricopa for case #CV-2015-091339 Joshua Barkley Vs. Independent Certified Emergency Professionals. *(Aiken Schenk, Harkins and Riccardi P.C., Michael J Petit, Jr., Erin Hertzog: 2390 E. Camelback rd. Suite 400. Phoenix, AZ 85016, 602-248-8203)* (fraudulent civil representation)

3) Return all union possessions, court documents, legal agreements and financial information to the plaintiff.

4) Order a general injunction against any and all outside unions from organizing the workforce at PMT Ambulance (dba Lifeline Ambulance) until all legal challenges against the ICEP/NAGE/SEIU 5000 are resolved in these particular matters.

5) Restrain all involved employees and/or Officers of defendant Union from interfering or going to the Plaintiffs workplace, Ambulance Station or home.

13

Restrain all involved employees from interfering with the Plaintiffs ability to work without harassment, and/or imposing harsh working conditions through social media, shift bids or work assignments.

6) In lieu of prayer #2, place a "stay of proceedings" on that civil case until the FOIA request are fulfilled (directly relevant to all actions involving the ICEP)


## REQUEST FOR JUDICIAL NOTICE

Plaintiff Requests the Arizona US District Court , notice under authority of the supremacy and equal protection clauses of the United States Constitution and the common law authorities of Haines v Kerner, 404 U.S. 519, Platsky v. C.I.A. 953 F.2d. 25, and Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000) relying on Willy v. Coastal Corp., 503 U.S. 131, 135 (1992), "United States v. International Business Machines Corp., 517 U.S. 843, 856 (1996), quoting Payne v. Tennessee, 501 U.S. 808, 842 (1991) (Souter, J., concurring). Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647, American Red Cross v. Community Blood Center of the Ozarks, 257 F.3d 859 (8th Cir. 07/25/2001).

In re Haines: pro se litigants (Plaintiff is a pro-se litigant) are held to less stringent pleading standards than BAR registered attorneys. Regardless of the deficiencies in

their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims.

In re Platsky: court errs if court dismisses the pro se litigant without instruction of how pleadings are deficient and how to repair pleadings.

In re Anastasoff: litigants' constitutional rights are violated when courts depart from precedent where parties are similarly situated. All litigants have a constitutional right to have their claims adjudicated according the rule of precedent.

See Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000). Statements of counsel, in their briefs or their arguments are not sufficient for a motion to dismiss or for summary judgment, Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647

SIGNATURE PAGE

Signed this 17th Day of August, 2016

/s/ Joshua S. Barkley

2234 W Riviera Drive,

Tempe, Arizona 85282

480-213-6777


CERTIFICATE OF SERVICE

Aiken Schenk, Harkins and Riccardi P.C.

Michael J Petit, Jr.

Erin Hertzog|

2390 E. Camelback rd. Suite 400

Phoenix, AZ 85016

602-248-8203


Office of Labor-Management Standards

FOIA Coordinator

U. S. Department of Labor – OLMS

Room N-5609

200 Constitution Avenue, N.W.

Washington, D.C. 20210

Telephone: (202) 693-0123


ICEP/NAGE/SEIU/5000

Tony Lopez

1206 E Winter Drive

Phoenix Arizona, 85020

# ARTICLE 1

**U.S. Department of Labor**          Office of the Solicitor
                                      Washington, D.C. 20210



Appeals Unit
Freedom of Information Act/Privacy Act
Division of Management and Administrative Legal Services
200 Constitution Avenue, N.W., Suite N-2420
Washington, DC  20210
Phone:  (202) 693-5503
Fax:  (202) 693-5538

March 30, 2016

To:     JOSHUA S. BARKLEY
        2234 W. RIVIERA DRIVE
        TEMPE, AZ  85282

From:   Raymond E. Mitten Jr.
        Counsel for FOIA Appeals, Paperwork
        Reduction Act, Federal Records Act

Re:     Your Appeal to the Solicitor of Labor under the Freedom
        of Information Act and/or Privacy Act

        RE:  ALL CORRESPONDENCE WITH COMPLAINANT ICEP ELECTIONS.

Date of your letter:          2/29/2016

Appeal Reference No.:         160157

This is to acknowledge receipt of your letter appealing a denial of information by a
Department of Labor official.  Your appeal is being processed.

The law generally requires that appeals be sequenced for action on a first-in first-out
basis, consistent with the guidance provided by the courts.  *See Open America v.
Watergate Special Prosecution Force,* 547 F.2d 605 (D.C. Cir. 1976).  You should be
aware that the number of appeals currently awaiting review and decision is very
substantial.  We are authorized, however, to schedule for faster action those appeals
which require limited staff time – i.e., those that involve limited scope or complexity.

Should you have any questions about the status of your appeal, have any additional
information which you believe should be brought to our attention, or wish to limit or
withdraw your appeal, please contact this office at the phone or address listed above.

To help us serve you, please direct your inquiries to Linda Robinson at the number noted
above, and use our appeal reference number.  Thank you.

This is the final response to your request under the Freedom of Information Act (FOIA). Your request was received by the U.S. Department of Labor's Office of Labor-Management Standards (OLMS), on August 25, 2015 for a disclosure determination. You requested, "the final Court Order from US District Court Judge Neal V Wake, District of Arizona, indicating his final order on the certification of union officers for the Independent Certified Emergency Professionals of Arizona case # CV-2014-01723-NVW."

OLMS is committed to the principles of openness and transparency in making disclosure determinations. However, upon researching your request, I learned that all the records requested are records compiled for OLMS enforcement and investigative proceedings that are currently pending. Consequently, no records will be released at this time. I am asserting Exemption 7(A) of the FOIA [codified at 5 U.S.C. §552(b)(7)(A)] to justify nondisclosure.

Exemption 7(A) authorizes the withholding of records or information compiled for law enforcement purposes, to the extent that production could reasonably be expected to interfere with enforcement proceedings. While the types of "law enforcement proceedings" to which Exemption 7(A) may be applicable have been broadly interpreted, the courts have held such proceedings to include criminal and civil actions, as well as regulatory proceedings.

Please be advised that the OLMS enforcement and investigative proceedings remain open. Accordingly, no documentation, correspondence, or records involving the Independent Certified Emergency Professionals (ICEP) Local 1 election process can be disclosed until after OLMS officially closes its case.

I believe that OLMS has been responsive to your request. However, if you disagree and you wish to have my decision reviewed, you may do so by requesting such a review from the Office of the Solicitor of Labor. The Department of Labor regulations (29 C.F.R. §70.22) provide that when a request for access to records has been denied in whole or in part, the requestor may file an administrative appeal within 90 days from the date of the denial. The appeal must be in writing and must state the grounds for an appeal, including any supporting statements or arguments. When filing an appeal, you should include a copy of your initial FOIA request and a copy of this letter. To facilitate processing, you may wish to fax your appeal to (202) 693-5539. The appeal must be addressed to:

Solicitor of Labor
U.S. Department of Labor
Rm. N-2428
200 Constitution Avenue, N.W.
Washington, D.C. 20210

If mailed, both the envelope and the letter of appeal itself should be clearly marked: "Freedom of Information Act Appeal." Please refer to tracking number **7 8 5 1 9 4** for correspondence related to this request.

The 2007 FOIA amendments created the Office of Government Information Services (OGIS) to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. It is important to note that the services offered by OGIS, is not an alternative to filing an administrative FOIA appeal. You may contact OGIS in any of the following ways:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road - OGIS
College Park, MD 20740-6001 E-mail: ogis@nara.gov
Web: https://ogis.archives.gov
Telephone: 202-741-5770
Fax: 202-741-5769
Toll-free: 1-877-684-6448

Sincerely,

Andrew Auerbach
Deputy Director

By: /s/     Andrew Davis, Chief
            Division of Interpretations and Standards
            Office of Labor-Management Standards

---

**Attachments**

- image001.png (8.56KB)

| | |
|---|---|
| **Subject:** | Re: FOIA Request 785194 |
| **From:** | Suzanne Barkley (pilgrimsuz@gmail.com) |
| **To:** | coachjbar@yahoo.com; |
| **Date:** | Friday, August 28, 2015 2:07 PM |

Whoops....right to the point. Now the ball is in their court till Monday?

On Aug 28, 2015 2:03 PM, "joshua barkley" <coachjbar@yahoo.com> wrote:

Sir:

Prior to filing my appeal, I will make record that you statement is factually incorrect.

On April 13th and 16th, 2015, Patricia Fox, Chief Division of Enforcement
Office of Labor-Management Standards, United Stated Department of Labor, certified this election , concluded the investigation and sent their findings to the United States District Court, District of Arizona in her document entitled "Notice of Certification of Election" CV-14-01723-PHX-NVW

It was submitted by John S. Leonardo, United States Attorney, District of Arizona with Lon R. Leavitt, Assistant United States Attorney as signer.   A copy was sent to me, Greg Empey (complainant) and the Independent Certified Emergency Professionals.

Therefore, you refusal to produce the court order approving your completion of investigation and certification means:

a) The court order was never issued. or
b) There is no court order as required to place the complainant into office as you did
c) That someone other than the OLMS is investigating

Regardless, your investigation was certified by your Chief and cannot be rescinded at will when a FOIA request comes to gather the documentation.  Please signify your reasons for claiming an investigative exemption for a case that was certified by your office as closed.  I need this by the end of business, Monday, August 31st, prior to my appeal and for possible review by law enforcement.

 Thank you
Joshua Barkley

On Friday, August 28, 2015 9:22 AM, OLMS-FOIA <OLMS-FOIA@dol.gov> wrote:

**U.S.** **Office of**
**Department** Labor-
**of Labor** Management
Standards
Washington,
DC  20210
(202)
693-0123
Fax: (202)
693-1340



August 28, 2015

Joshua S. Barkley
2234 W. Riviera Drive
Tempe, AZ 85282
Jbarkley40@yahoo.com

Dear Mr. Barkley:

Print

Case 2:16-cv-02777-DMF    Document 1    Filed 08/18/16    Page 21 of 63    ...and=assbq65g1m48j#3...

| Subject: | FOIA Request 776556 |
| --- | --- |
| From: | OLMS-FOIA (OLMS-FOIA@dol.gov) |
| To: | Jbarkley40@yahoo.com; |
| Date: | Tuesday, May 12, 2015 9:47 AM |



**U.S. Department of Labor**

Office of Labor-Management Standards

Washington, DC 20210

(202) 693-0123
Fax: (202) 693-1340

May 12, 2015

Joshua S. Barkley

2234 W. Riviera Drive

Tempe Arizona 85282

Jbarkley40@yahoo.com

Dear Mr. Barkley:

This is to acknowledge your request made pursuant to the Freedom of Information Act (FOIA). You emailed your request to the Office of the Solicitor in the U.S. Department of Labor, and it was forwarded here, to the U.S. Department of Labor's Office of Labor-Management Standards (OLMS), on May 11, 2015 for a disclosure determination. You requested, "all correspondence between: 1) all senior level, Lawyer or Officer of the OLMS and/or Department of Labor representatives to Judge Neil V. Wake of the United States District Courts of Arizona; 2) all senior level Counsel, Lawyer or Officer of OLMS and or the Department of Labor sent to Edward Oquendo, Phoenix Beausoleil, Thomas Hayes or any other OLMS official, employee or investigator concerning the elections of Officers of the ICEP of Arizona; 3) all senior level Counsel, Lawyer or Officer of the OLMS and/or the Department of Labor sent to The Department of Justice, Prosecutor, Officer or employee concerning case # CV-14-01-01723-PHX-NVW; 4) any OLMS, Department of Labor Officer, and representative to any PMT Ambulance officers, representative or employee, any Rural Metro Corporation officer, representative or employee or any Oak Tree Capital Group officer or employee and 5) all physical evidence used in DOL's 'certification of election.'"

OLMS files and index systems will be searched for potentially responsive materials relative to your request. Please be advised that pursuant to 5 U.S.C. §552(a)(6)(A)(i) of the FOIA, federal agencies are required to determine within twenty days after the receipt of a request (not including weekends and legal holidays) whether to comply with such request and to notify the requestor of such determination, the rationale, and the right of the requestor to appeal any adverse determination.

When a FOIA request is received, it is identified as a "simple," "complex," or "expedited" request and is placed in one of these three queues. Each request within each queue is processed in the order in which it was received. We make every effort to process most requests within 20 working days. However, there are some exceptions that necessitate a longer processing period than 20 working days. Your request falls within the complex queue and is expected to take about 60 working days to process.

If you do not object in writing to the 60 work days processing time, we will consider that you have agreed to a due date of 60 work days from the date your request was received by this office. This extension will not prejudice your rights to appeal the initial decision after it is made.

| Subject: | Acknowledgment |
| From: | Miller, Darlene - SOL (Miller.Darlene@dol.gov) |
| To: | coachjbar@yahoo.com; |
| Cc: | Oliver.Ramona@dol.gov; Holston.Michael@dol.gov; Bobian.Della@dol.gov; |
| Date: | Monday, May 11, 2015 8:42 AM |

Mr. Barkley:

Your request has been assigned to OLMS with tracking number **776556**. When they begin processing it, you will be able to track its progress at www.dol.gov/foia. If you need to contact them about it for any reason, please phone 202-693-1254 and reference the tracking number at the tie of this call.

Sincerely,

**Darlene Miller**

Government Information Specialist, Office of Information Services

Office of the Solicitor | Management & Administrative Legal Services

U.S. Department of Labor

200 Constitution Avenue NW, Rm. N2420

Washington, DC 20210

(202) 693-5442 (O) | (202) 693-5389 (F) | miller.darlene@dol.gov (E)

---

**From:** joshua barkley [mailto:coachjbar@yahoo.com]
**Sent:** Wednesday, May 06, 2015 2:43 PM
**To:** FOIARequests
**Subject:** FOIA REQUEST

Please see attached FOIA request:

Joshua Barkley

# FREEDOM OF INFORMATION ACT REQUEST

To: FOIA Officer, OLMS -
DOL From: Joshua Barkley,
Address: 2234 W Riviera Drive, Tempe Arizona, 85282 Subject: All correspondence with Complainant ICEP elections
Date: February 8th, 2016 OLMS

---

I need this information to ensure Rules of Civil Procedure are enforced and the election was fair and unbiased. I will pay for all costs associated with this request.

Thank You

Joshua S Barkley
2234 W Riviera Drive

Tempe, Arizona, 85282
480-213-6777
Jbarkley40@yahoo.com

# FREEDOM OF INFORMATION ACT REQUEST

To: FOIA Officer, OLMS -DOL
From: Joshua Barkley,
Address: 2234 W Riviera Drive, Tempe Arizona, 85282
Subject: All correspondence with Complainant
ICEP elections
Date: February 8th, 2016,

2015 OLMS FOIA Officer

1) Under the Freedom of Information Act, we are requesting all correspondences between all senior level Counsel, Lawyer or Officer of the OLMS and / or Department of Labor representatives to Judge Neil V. Wake of the United States District Courts of Arizona

2) I am requesting copies of all directives and correspondences sent from all senior level Counsel, Lawyer or Officer of the OLMS and or the Department of Labor sent to Edward Oquendo, Phoenix Beausoleil, Thomas Hayes or any other OLMS official, employee or investigator concerning the elections of Officers of the ICEP of Arizona.

3) I am requesting all correspondences sent from all senior level Counsel, Lawyer or Officer of the OLMS and / or the Department of Labor sent to The Department of Justice, Prosecutor, Officer or employee concerning case # CV-14-01-01723-PHX-NVW

4) I am requesting all correspondence sent or received from any OLMS, Department Of Labor officer, and representative to any PMT Ambulance officers, representative or employee, any Rural Metro Corporation officer, representative or employee or any Oak Tree Capital Group officer or employee.

5) I am requesting all physical evidence used in DOL's "certification of election. Specifically, any documents showing the change in constitution and by-laws was done incorrectly and any documents that show dues were not paid or asked for by the existing union officers of the Independent Certified Emergency Professionals of Arizona during that time period.

6) I am requesting all correspondence between the National Labor Relations Board and their officers or Directors at any level with any other Government Officer(s) of any branch of the Federal or State of Arizona Government. I am requesting any documents sent to or received from, any Senior Staff at the Office of Labor Management Standards or the Department of Labor from or to the National Labor Relations Board, their Officers, General Counsel or Directors that includes the

-Independent Certified Emergency Professionals of Arizona, -
the International Association of EMT"S and Paramedics or

-The International Association of Firefighters concerning any election at PMT Ambulance and / or Rural Metro Corporation.

# FREEDOM OF INFORMATION ACT REQUEST

I need this information to ensure Rules of Civil Procedure are enforced and the election was fair and unbiased. I was a litigant (intervenor) on the OLMS/DOJ case against the ICEP and am demanding equal consideration. The case is officially closed by the US District Court of Arizona and your refusal to provide this information based on that assertion has expired. These documents should have been provided when originally asked for to ensure "Open and transparent Elections" and to avoid "Ex Parte'" communications. Therefore the requestor feels that no financial obligation to pay for these documents exists. This is my 7th request for these documents.

Thank You

Joshua S Barkley
2234 W Riviera Drive
Tempe, Arizona, 85282
480-213-6777
Jbarkley40@yahoo.com

# Freedom of Information Act
# Department of Labor, request for information

DATE, February 8th, 2016

Subject:  ICEP of Arizona Supervised election case # CV-2014-01723-NVW.

I am making this request to ensure the integrity of the ICEP election as mandated by United States Code and Department of Labor rule. I was a candidate in this supervised election and have full authorization from Edward Oquendo, OLMS Officer. Los Angeles to have this information released immediately.

1)  I am requesting a total count of "mail in" ballots that were mailed to the PO Box 4148, Mesa Arizona, 85211.

2) I am requesting the date that the mail in ballots were counted.

3) I am requesting the official mail in ballot certification page, signed by the OLMS supervisor and any witnesses.

The case is officially closed by the US District Court of Arizona and your refusal to provide this information based on that assertion has expired.  These documents should have been provided when originally asked for to ensure "Open and transparent Elections" and to avoid "Ex Parte'" communications.  Therefore the requestor feels that no financial obligation to pay for these documents exists. This is my 5th request for these documents.  If the OLMS / DOL finds that payment is required, as per the US governments FOIA page:

*There is usually no charge for the first two hours of search time or for the first 100 pages of duplication. You may always include in your request letter a specific statement limiting the amount that you are willing to pay in fees. If an agency*

*estimates that the total fees for processing your request will exceed $25, it will notify you in writing of the estimate and offer you an opportunity to narrow your request in order to reduce the fees. If you agree to pay fees for a records search, you may be required to pay such fees even if the search does not locate any releasable records.*

I will pay up to 50$ for any documents searched not associated with this election. Documents that are associated with this election I am privy to by legal standard : 5 U.S.C. 7134 as an intervenor on this case.

I have been requesting this information for a year; I need it filled immediately, expeditiously and without further delay.

Send this information to
Joshua Barkley
Jbarkley40@yahoo.com
2234 W. Riviera Drive,
Tempe Arizona, 85282

**Subject:** FW: FOIA Requests for Department of Labor and Office of Labor Management Standards

**From:** Miller, Darlene - SOL (Miller.Darlene@dol.gov)

**To:** Griffin.Ebony@DOL.gov; Davis.Andrew@dol.gov;

**Cc:** coachjbar@yahoo.com;

**Date:** Thursday, April 28, 2016 7:09 AM

FYI:

---

**From:** joshua barkley [mailto:coachjbar@yahoo.com]
**Sent:** Wednesday, April 27, 2016 4:26 PM
**To:** Miller, Darlene - SOL
**Subject:** Fw: FOIA Requests for Department of Labor and Office of Labor Management Standards

Darlene:

The status of these ongoing an authorized FOIA requests is now unknown.  They were sent in on April 1st and I have received an email stating they are now "complex" and will require 60 day unless I object.  I did.  These requests are due now.  Can I get an official update on these previously authorized requests?  Its been over a year with multiple requests and their absence is directly affecting current litigation and Union authenticity.

Joshua Barkley

On Friday, April 1, 2016 2:43 PM, joshua barkley <coachjbar@yahoo.com> wrote:

> Attached are multiple FOIA requests that have been sent repetitively for the last year.  They are approved for release By Office of Labor Management Standards Officer, Edward Oquendo and Department of Labor Official, Darlene Miller.  Expedite the return of these documents as they pertain to multiple court cases and an unlawful recognition of a Labor Union that was done outside of US District Court decisions and USC on Labor law enforcement..
> Joshua Barkley

**Attachments**

- FOIA 1.docx (15.88KB)
- FOIA 3.docx (15.21KB)
- FOIA 4.docx (16.29KB)
- Freedom of Information Act ballots.docx (15.24KB)
- Department_of_Labor_FOIA_2015_2.docx (16.21KB)

**Subject:** Re: OLMS FOIA Acknowledgement

**From:** joshua barkley (coachjbar@yahoo.com)

**To:** OLMS-FOIA@dol.gov;

**Date:** Tuesday, April 5, 2016 4:53 PM

I object to the 60 day working time.  You have had more than 1 year to compile this request and have had every reason to expect it again.  The request was sent to you on February 8th , not March 31st.  Your 40 days has expired.

Also, I was an intervenor on the case in question and you were the plaintiff. Any documents that changed hands outside of that court case are mine by law and no charge should be assessed for giving them to me now.

Expedite this request.  Damages are occurring and are continuing to be assessed during this process

Joshua Barkley

On Tuesday, April 5, 2016, 5:14 AM, OLMS-FOIA <OLMS-FOIA@dol.gov> wrote:

**U.S. Department of Labor**    Office of Labor-Management Standards

Washington, DC  20210

(202) 693-0123
Fax: (202) 693-1340

Joshua Barkley

2234 W. Riviera Drive

Tempe, AZ 85282

Dear Mr. Barkley:

This is to acknowledge your request made pursuant to the Freedom of Information Act (FOIA).  You emailed your request to the Office of the Solicitor in the U.S. Department of Labor, and it was forwarded here, to the U.S. Department of Labor's Office of Labor-Management Standards (OLMS), on March 31, 2016 for a disclosure determination.  You requested, "to get documents related to ICEP of Arizona Supervised election case # CV-2014-01723-NVW."

OLMS files and index systems will be searched for potentially responsive materials relative to your request.  Please be advised that pursuant to 5 U.S.C. §552(a)(6)(A)(i) of the FOIA, federal agencies are required to determine within twenty days after the receipt of a request (not including weekends and legal holidays) whether to comply with such request and to notify the requestor of such determination, the rationale, and the right of the requestor to appeal any adverse determination.

When a FOIA request is received, it is identified as a "simple," "complex," or "expedited" request and is placed in one of these three queues.  Each request within each queue is processed in the order in which it was received.  We make every effort to process most requests within 20 working days.  However, there are some exceptions that necessitate a longer processing period than 20 working days.  Your request falls within the complex queue and is expected to take about 60 working days to process.

If you do not object in writing to the 60 work days processing time, we will consider that you have agreed to a due date of 60 work days from the date your request was received by this office.  This extension will not prejudice your rights to appeal the initial decision after it is made.

Pursuant to the Department of Labor's FOIA regulations you have been determined to be a Category 4 Requestor pursuant to 29 C.F.R. §70.40(c)(4).  Requestors in this category are responsible for search costs and reproduction costs, with the exception of the first 100 pages of reproduction and the first two hours of search time, which is provided without a charge.  29 C.F.R. §70.40(c)(4).  Pursuant to 29 C.F.R. §70.40(d)(l) and (d)(2), respectively,

| | |
|---|---|
| **Subject:** | Re: OLMS FOIA Acknowledgement |
| **From:** | joshua barkley (coachjbar@yahoo.com) |
| **To:** | OLMS-FOIA@dol.gov; |
| **Date:** | Tuesday, April 5, 2016 4:53 PM |

I object to the 60 day working time. You have had more than 1 year to compile this request and have had every reason to expect it again. The request was sent to you on February 8th , not March 31st. Your 40 days has expired.

Also, I was an intervenor on the case in question and you were the plaintiff. Any documents that changed hands outside of that court case are mine by law and no charge should be assessed for giving them to me now.

Expedite this request. Damages are occurring and are continuing to be assessed during this process

Joshua Barkley

On Tuesday, April 5, 2016, 5:14 AM. OLMS-FOIA <OLMS-FOIA@dol.gov> wrote:

**U.S. Department of Labor**   Office of Labor-Management Standards

Washington, DC 20210

(202) 693-0123
Fax: (202) 693-1340

Joshua Barkley

2234 W. Riviera Drive

Tempe, AZ 85282

Dear Mr. Barkley:

This is to acknowledge your request made pursuant to the Freedom of Information Act (FOIA). You emailed your request to the Office of the Solicitor in the U.S. Department of Labor, and it was forwarded here, to the U.S. Department of Labor's Office of Labor-Management Standards (OLMS), on March 31, 2016 for a disclosure determination. You requested, "to get documents related to ICEP of Arizona Supervised election case # CV-2014-01723-NVW."

OLMS files and index systems will be searched for potentially responsive materials relative to your request. Please be advised that pursuant to 5 U.S.C. §552(a)(6)(A)(i) of the FOIA, federal agencies are required to determine within twenty days after the receipt of a request (not including weekends and legal holidays) whether to comply with such request and to notify the requestor of such determination, the rationale, and the right of the requestor to appeal any adverse determination.

When a FOIA request is received, it is identified as a "simple," "complex," or "expedited" request and is placed in one of these three queues. Each request within each queue is processed in the order in which it was received. We make every effort to process most requests within 20 working days. However, there are some exceptions that necessitate a longer processing period than 20 working days. Your request falls within the complex queue and is expected to take about 60 working days to process.

If you do not object in writing to the 60 work days processing time, we will consider that you have agreed to a due date of 60 work days from the date your request was received by this office. This extension will not prejudice your rights to appeal the initial decision after it is made.

Pursuant to the Department of Labor's FOIA regulations you have been determined to be a Category 4 Requestor pursuant to 29 C.F.R. §70.40(c)(4). Requestors in this category are responsible for search costs and reproduction costs, with the exception of the first 100 pages of reproduction and the first two hours of search time, which is provided without a charge. 29 C.F.R. §70.40(c)(4). Pursuant to 29 C.F.R. §70.40(d)(l) and (d)(2), respectively,

**ARTICLE 2**

# FREEDOM OF INFORMATION ACT REQUEST

To: FOIA Officer, OLMS -DOL
From: Joshua Barkley,
Address: 2234 W Riviera Drive, Tempe Arizona, 85282
Subject: All correspondence with Complainant
ICEP elections
Date: October 30, 2015th,

2015 OLMS FOIA Officer

1) Under the Freedom of Information Act, we are requesting all correspondences between all senior level Counsel, Lawyer or Officer of the OLMS and / or Department of Labor representatives to Judge Neil V. Wake of the United States District Courts of Arizona

2) I am requesting copies of all directives and correspondences sent from all senior level Counsel, Lawyer or Officer of the OLMS and or the Department of Labor sent to Edward Oquendo, Phoenix Beausoleil, Thomas Hayes or any other OLMS official, employee or investigator concerning the elections of Officers of the ICEP of Arizona.

3) I am requesting all correspondences sent from all senior level Counsel, Lawyer or Officer of the OLMS and / or the Department of Labor sent to The Department of Justice, Prosecutor, Officer or employee concerning case # CV-14-01-01723-PHX-NVW

4) I am requesting all correspondence sent or received from any OLMS, Department Of Labor officer, and representative to any PMT Ambulance officers, representative or employee, any Rural Metro Corporation officer, representative or employee or any Oak Tree Capital Group officer or employee.

5) I am requesting all physical evidence used in DOL's "certification of election. Specifically, any documents showing the change in constitution and by-laws was done incorrectly and any documents that show dues were not paid or asked for by the existing union officers of the Independent Certified Emergency Professionals of Arizona during that time period.

6) I am requesting all correspondence between the National Labor Relations Board and their officers or Directors at any level with any other Government Officer(s) of any branch of the Federal or State of Arizona Government. I am requesting any documents sent to or received from, any Senior Staff at the Office of Labor Management Standards or the Department of Labor from or to the National Labor Relations Board, their Officers, General Counsel or Directors that includes the

-Independent Certified Emergency Professionals of Arizona, -
the International Association of EMT"S and Paramedics or

-The International Association of Firefighters concerning any election at PMT Ambulance and / or Rural Metro Corporation.

# FREEDOM OF INFORMATION ACT REQUEST

I need this information to ensure Rules of Civil Procedure are enforced and the election was fair and unbiased. I was a litigant (intervenor) on the OLMS/DOJ case against the ICEP and am demanding equal consideration. The case is officially closed by the US District Court of Arizona and your refusal to provide this information based on that assertion has expired. These documents should have been provided when originally asked for to ensure "Open and transparent Elections" and to avoid "Ex Parte'" communications. Therefore the requestor feels that no financial obligation to pay for these documents exists. This is my 5th request for these documents.


Thank You


Joshua S Barkley
2234 W Riviera Drive

Tempe, Arizona, 85282
480-213-6777
Jbarkley40@yahoo.com

# FREEDOM OF INFORMATION ACT REQUEST

To: FOIA Officer, OLMS -DOL
From: Joshua Barkley,
Address: 2234 W Riviera Drive, Tempe Arizona, 85282
Subject: All correspondence with Complainant
ICEP elections
Date: October 30, 2015th,

2015 OLMS FOIA Officer

1) Under the Freedom of Information Act, we are requesting all correspondences between all senior level Counsel, Lawyer or Officer of the OLMS and / or Department of Labor representatives to Judge Neil V. Wake of the United States District Courts of Arizona

2) I am requesting copies of all directives and correspondences sent from all senior level Counsel, Lawyer or Officer of the OLMS and or the Department of Labor sent to Edward Oquendo, Phoenix Beausoleil, Thomas Hayes or any other OLMS official, employee or investigator concerning the elections of Officers of the ICEP of Arizona.

3) I am requesting all correspondences sent from all senior level Counsel, Lawyer or Officer of the OLMS and / or the Department of Labor sent to The Department of Justice, Prosecutor, Officer or employee concerning case # CV-14-01-01723-PHX-NVW

4) I am requesting all correspondence sent or received from any OLMS, Department Of Labor officer, and representative to any PMT Ambulance officers, representative or employee, any Rural Metro Corporation officer, representative or employee or any Oak Tree Capital Group officer or employee.

5) I am requesting all physical evidence used in DOL's "certification of election. Specifically, any documents showing the change in constitution and by-laws was done incorrectly and any documents that show dues were not paid or asked for by the existing union officers of the Independent Certified Emergency Professionals of Arizona during that time period.

6) I am requesting all correspondence between the National Labor Relations Board and their officers or Directors at any level with any other Government Officer(s) of any branch of the Federal or State of Arizona Government. I am requesting any documents sent to or received from, any Senior Staff at the Office of Labor Management Standards or the Department of Labor from or to the National Labor Relations Board, their Officers, General Counsel or Directors that includes the

-Independent Certified Emergency Professionals of Arizona, -
the International Association of EMT"S and Paramedics or

-The International Association of Firefighters concerning any election at PMT Ambulance and / or Rural Metro Corporation.

# FREEDOM OF INFORMATION ACT REQUEST

I need this information to ensure Rules of Civil Procedure are enforced and the election was fair and unbiased. I was a litigant (intervenor) on the OLMS/DOJ case against the ICEP and am demanding equal consideration. The case is officially closed by the US District Court of Arizona and your refusal to provide this information based on that assertion has expired. These documents should have been provided when originally asked for to ensure "Open and transparent Elections" and to avoid "Ex Parte'" communications. Therefore the requestor feels that no financial obligation to pay for these documents exists. This is my 5th request for these documents.

Thank You

Joshua S Barkley
2234 W Riviera Drive
Tempe, Arizona, 85282
480-213-6777
Jbarkley40@yahoo.com

# FREEDOM OF INFORMATION ACT REQUEST

To: FOIA Officer, OLMS -DOL

From: Joshua Barkley,

Address: 2234 W Riviera Drive, Tempe Arizona, 85282

Subject: All correspondence with Complainant

ICEP elections

Date: October 30, 2015th,

2015 OLMS FOIA Officer

1) Under the Freedom of Information Act, we are requesting all correspondences between all senior level Counsel, Lawyer or Officer of the OLMS and / or Department of Labor representatives to Judge Neil V. Wake of the United States District Courts of Arizona

2) I am requesting copies of all directives and correspondences sent from all senior level Counsel, Lawyer or Officer of the OLMS and or the Department of Labor sent to Edward Oquendo, Phoenix Beausoleil, Thomas Hayes or any other OLMS official, employee or investigator concerning the elections of Officers of the ICEP of Arizona.

3) I am requesting all correspondences sent from all senior level Counsel, Lawyer or Officer of the OLMS and / or the Department of Labor sent to The Department of Justice, Prosecutor, Officer or employee concerning case # CV-14-01-01723-PHX-NVW

4) I am requesting all correspondence sent or received from any OLMS, Department Of Labor officer, and representative to any PMT Ambulance officers, representative or employee, any Rural Metro Corporation officer, representative or employee or any Oak Tree Capital Group officer or employee.

5) I am requesting all physical evidence used in DOL's "certification of election. Specifically, any documents showing the change in constitution and by-laws was done incorrectly and any documents that show dues were not paid or asked for by the existing union officers of the Independent Certified Emergency Professionals of Arizona during that time period.

6) I am requesting all correspondence between the National Labor Relations Board and their officers or Directors at any level with any other Government Officer(s) of any branch of the Federal or State of Arizona Government. I am requesting any documents sent to or received from, any Senior Staff at the Office of Labor Management Standards or the Department of Labor from or to the National Labor Relations Board, their Officers, General Counsel or Directors that includes the

-Independent Certified Emergency Professionals of Arizona, -
the International Association of EMT"S and Paramedics or

-The International Association of Firefighters concerning any election at PMT Ambulance and / or Rural Metro Corporation.

# FREEDOM OF INFORMATION ACT REQUEST

I need this information to ensure Rules of Civil Procedure are enforced and the election was fair and unbiased. I was a litigant (intervenor) on the OLMS/DOJ case against the ICEP and am demanding equal consideration. The case is officially closed by the US District Court of Arizona and your refusal to provide this information based on that assertion has expired. These documents should have been provided when originally asked for to ensure "Open and transparent Elections" and to avoid "Ex Parte'" communications. Therefore the requestor feels that no financial obligation to pay for these documents exists. This is my 5th request for these documents.


Thank You


Joshua S Barkley
2234 W Riviera Drive
Tempe, Arizona, 85282
480-213-6777
Jbarkley40@yahoo.com

# FREEDOM OF INFORMATION ACT REQUEST

To: FOIA Officer, OLMS -DOL
From: Joshua Barkley,
Address: 2234 W Riviera Drive, Tempe Arizona, 85282
Subject: All correspondence with Complainant
ICEP elections
Date: October 30, 2015th,

2015 OLMS FOIA Officer

1) Under the Freedom of Information Act, we are requesting all correspondences between all senior level Counsel, Lawyer or Officer of the OLMS and / or Department of Labor representatives to Judge Neil V. Wake of the United States District Courts of Arizona

2) I am requesting copies of all directives and correspondences sent from all senior level Counsel, Lawyer or Officer of the OLMS and or the Department of Labor sent to Edward Oquendo, Phoenix Beausoleil, Thomas Hayes or any other OLMS official, employee or investigator concerning the elections of Officers of the ICEP of Arizona.

3) I am requesting all correspondences sent from all senior level Counsel, Lawyer or Officer of the OLMS and / or the Department of Labor sent to The Department of Justice, Prosecutor, Officer or employee concerning case # CV-14-01-01723-PHX-NVW

4) I am requesting all correspondence sent or received from any OLMS, Department Of Labor officer, and representative to any PMT Ambulance officers, representative or employee, any Rural Metro Corporation officer, representative or employee or any Oak Tree Capital Group officer or employee.

5) I am requesting all physical evidence used in DOL's "certification of election. Specifically, any documents showing the change in constitution and by-laws was done incorrectly and any documents that show dues were not paid or asked for by the existing union officers of the Independent Certified Emergency Professionals of Arizona during that time period.

6) I am requesting all correspondence between the National Labor Relations Board and their officers or Directors at any level with any other Government Officer(s) of any branch of the Federal or State of Arizona Government. I am requesting any documents sent to or received from, any Senior Staff at the Office of Labor Management Standards or the Department of Labor from or to the National Labor Relations Board, their Officers, General Counsel or Directors that includes the

-Independent Certified Emergency Professionals of Arizona, -
the International Association of EMT"S and Paramedics or

-The International Association of Firefighters concerning any election at PMT Ambulance and / or Rural Metro Corporation.

# FREEDOM OF INFORMATION ACT REQUEST

I need this information to ensure Rules of Civil Procedure are enforced and the election was fair and unbiased. I was a litigant (intervenor) on the OLMS/DOJ case against the ICEP and am demanding equal consideration. The case is officially closed by the US District Court of Arizona and your refusal to provide this information based on that assertion has expired. These documents should have been provided when originally asked for to ensure "Open and transparent Elections" and to avoid "Ex Parte'" communications. Therefore the requestor feels that no financial obligation to pay for these documents exists. This is my 5th request for these documents.


Thank You


Joshua S Barkley
2234 W Riviera Drive
Tempe, Arizona, 85282
480-213-6777
Jbarkley40@yahoo.com

# ARTICLE 3

U.S. Department of Labor
Office of Labor-Management Standards
Washington, DC 20210

# FORM LM-4 LABOR ORGANIZATION ANNUAL REPORT

**FOR USE ONLY BY LABOR ORGANIZATIONS WITH LESS THAN $10,000 IN TOTAL ANNUAL RECEIPTS**

READ THE INSTRUCTIONS CAREFULLY BEFORE PREPARING THIS REPORT.

Form Approved
Office of Management and Budget
No. 1245-0003
Expires 08-31-2016

For Official Use Only

[Stamp: US DOL OLMS PHOENIX RECEIVED JUL 1 6 2015]

This report is mandatory under P.L. 86-257, as amended. Failure to comply may result in criminal prosecution, fines, or civil penalties as provided by 29 U.S.C. 439 or 440.

**1. FILE NUMBER**
543 - 519

**2. PERIOD COVERED**
From MO 07 DAY 01 YEAR 2014
Through MO 04 DAY 15 YEAR 2015

**3. (a) AMENDED** — If this is an amended report correcting a previously filed report, check here. ☐

(b) TERMINAL — If your organization ceased to exist and this is its terminal report, see Section X of the instructions and check here: ☒

**4. AFFILIATION OR ORGANIZATION NAME**
ICEP

**5. DESIGNATION** (Local, Lodge, etc.)
Local

**6. DESIGNATION NUMBER**
#2

**7. UNIT NAME** (if any)

**8. MAILING ADDRESS** (Type or print in capital letters.)

First Name: JOHN
Last Name: GARY
P.O. Box - Building and Room Number (if any):
Number and Street: 4721 E MCDOWELL RD #311B
City: SCOTTSDALE
State: AZ
ZIP Code + 4: 85257 -

**19. ADDITIONAL INFORMATION** (If more space is needed, attach additional pages properly identified.)

| Item Number | |
|---|---|
| 3-6-2015- | DOL CONDUCTED COURT ORDERED ELECTION OF UNION OFFICERS |
| 3-12-2015- | LAW SUIT FILED AGAINST NEWLY ELECTED UNION OFFICERS BY FORMER PRESIDENT. |
| 4-12-2015- | NEWLY ELECTED PRESIDENT LOANED $9,000 DOLLARS FOR LEGAL SERVICES |
| 4-16-2015- | APPLICATED WITH THE IAEP/NAGE/SEIU LOCAL 5000 |

Each of the undersigned, duly authorized officers of the above labor organization, declares, under penalty of perjury and other applicable penalties of law, that all of the information submitted in this report (including the information contained in any accompanying documents) has been examined by the signatory and is, to the best of the undersigned's knowledge and belief, true, correct and complete. (See Section V on penalties in the instructions.)

**20. SIGNED:** [signature]
Date: 1/30/2016
PRESIDENT (If other title, see instructions.)
Telephone Number: (602) 369-4622

**21. SIGNED:** [signature]
Date: 1/30/2016
TREASURER (If other title, see instructions.)
Telephone Number: (602) 829-9441

Form LM-4 (Revised 2000)

4-1

Page 1 of 2

**Enter Amounts in Dollars Only — Do Not Enter Cents**

FILE NUMBER: 5 4 3 - 5 1 9

*Complete Items 9 through 18.*

**9.** During the reporting period, did your organization have any changes in its constitution and bylaws (other than rates of dues and fees) or in practices/procedures listed in the instructions? ......... ☐ Yes  ☒ No
*(If the constitution and bylaws have changed, attach two new dated copies. If practices/procedures have changed, see the instructions.)*

**10.** Did your organization change its rates of dues and fees during the reporting period? ......... ☐ Yes  ☒ No
*(If "Yes," report the new rates in Item 19 on page 1.)*

**11.** Did your organization discover any loss or shortage of funds or property during the reporting period? ......... ☐ Yes  ☒ No
*(If "Yes," provide details in Item 19 on page 1. Answer "Yes" even if there has been repayment or recovery.)*

**12.** Was your organization insured by a fidelity bond during the reporting period? ......... ☐ Yes  ☐ No
If "Yes," enter the maximum amount recoverable under the bond for loss caused by any person. $ ☐☐☐☐☐

**13.** How many members did your organization have at the end of the reporting period? ☐2☐6☐5

**14.** Enter the total value of your organization's assets at the end of the reporting period (cash, bank accounts, equipment, etc.) $ ☐☐☐☐0

**15.** Enter the total liabilities (debts) of your organization at the end of the reporting period (unpaid bills, loans owed, etc.) $ ☐☐☐☐0

**16.** Enter the total receipts of your organization during the reporting period (dues, fees, interest received, etc.). *(If $10,000 or more, your organization must file Form LM-2 or LM-3 instead of this form.)* $ ☐☐☐☐0

**17.** Enter the total disbursements made by your organization during the reporting period (per capita tax, loans made, net payment to officers, payments for office supplies, etc.). $ ☐☐☐☐0

**18.** Enter the total payments to officers and employees during the reporting period (gross salaries, lost time payments, allowances, expenses, etc.). $ ☐☐☐☐0

Please be sure to:
• Enter your union's 6-digit file number in Item 1.
• Report a time period of no more than one year in Item 2.
• Have your union's president and treasurer sign the Form LM-4 in Items 20 and 21.
• *FILE ON TIME. Form LM-4 must be filed within 90 days after the end of your union's fiscal year.*

Form LM-4 (Revised 2000)    4 - 2    Page 2 of 2

**ARTICLE 4**

CLOSED,STD

# U.S. District Court
## DISTRICT OF ARIZONA (Phoenix Division)
## CIVIL DOCKET FOR CASE #: 2:14-cv-01723-NVW

| | |
|---|---|
| Perez v. Independent Certified Emergency Professionals | Date Filed: 07/31/2014 |
| Assigned to: Judge Neil V Wake | Date Terminated: 12/03/2014 |
| Related Case: 2:15-cv-00713-SPL | Jury Demand: None |
| Cause: 29:0401 Labor Management Disclosure Act | Nature of Suit: 790 Labor: Other |
| | Jurisdiction: U.S. Government Plaintiff |

**Plaintiff**

**Thomas E Perez**
*Secretary of Labor, United States Department of Labor*

represented by **Lon R Leavitt**
US Attorneys Office - Phoenix, AZ
2 Renaissance Square
40 N Central Ave., Ste. 1200
Phoenix, AZ 85004-4408
602-514-7500
Fax: 602-514-7760
Email:
Lon.R.Leavitt@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Local 1 Independent Certified Emergency Professionals**

**Counter Defendant**

**Thomas E Perez**
*Secretary of Labor, United States Department of Labor*
*TERMINATED: 09/22/2014*

represented by **Lon R Leavitt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor**

**Joshua Barkley**
*Individually and ICEP*
*President Independent*
*Certified Emergency*
*Professionals*

represented by **Joshua Barkley**
2234 W Riviera
Tempe, AZ 85282
Email: jbarkley40@yahoo.com
PRO SE

**ThirdParty Plaintiff**

**Joshua Barkley**
*Individually and President*
*Independent Certified*
*Emergency Professionals*
*TERMINATED: 09/22/2014*


V.

**ThirdParty Defendant**

**United States Department of Labor**
*TERMINATED: 09/22/2014*

**ThirdParty Defendant**

**Thomas Hayes**
*OLMS Phoenix*
*TERMINATED: 09/22/2014*

**ThirdParty Defendant**

**Edward Oquendo**
*OLMS Los Angeles*
*TERMINATED: 09/22/2014*

**ThirdParty Defendant**

**PMT Ambulance**
*A Rural Metro Corporation*
*TERMINATED: 09/22/2014*

**ThirdParty Defendant**

**John Wilson**
*Rural Metro Corporation*
*TERMINATED: 09/22/2014*

**ThirdParty Defendant**

**Beverly Lemoine**
*Rural Metro Corporation*
*TERMINATED: 09/22/2014*

**ThirdParty Defendant**

**Greg Empey**
*Rural Metro Corporation*
*TERMINATED: 09/22/2014*

**ThirdParty Defendant**

**Phillip Maskell**
*Rural Metro Corporation*
*TERMINATED: 09/22/2014*

**ThirdParty Defendant**

**Craig Clifford**
*Rural Metro Corporation*
*TERMINATED: 09/22/2014*

**Cross Claimant**

**Joshua Barkley**
*Individually and ICEP*
*President Independent*
*Certified Emergency*
*Professionals*


V.

**Cross Defendant**

**Thomas E Perez**                        represented by **Lon R Leavitt**
*Secretary of Labor, United*                        (See above for address)
*States Department of Labor*                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Joshua Barkley**
*Individually and ICEP*
*President Independent*
*Certified Emergency*
*Professionals*


V.

## Counter Defendant

**Thomas E Perez**
*Secretary of Labor, United States Department of Labor*

represented by **Lon R Leavitt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Entered | # | Docket Text |
|---|---|---|
| 07/31/2014 | 1 | COMPLAINT filed by Thomas E Perez. (submitted by Lon Leavitt) (Attachments: # 1 Civil Cover Sheet)(REK) (Entered: 07/31/2014) |
| 07/31/2014 | 2 | This case has been assigned to the Honorable Michelle H. Burns. All future pleadings or documents should bear the correct case number: CV-14-01723-PHX-MHB. Magistrate Election form attached. (Attachments: # 1 Magistrate Consent Form)(REK) (Entered: 07/31/2014) |
| 08/01/2014 | 3 | SUMMONS Submitted by Thomas E Perez. (Leavitt, Lon) (Entered: 08/01/2014) |
| 08/04/2014 | 4 | Summons Issued as to Local 1 Independent Certified Emergency Professionals. (REK). *** IMPORTANT: When printing the summons, select "Document and stamps" or "Document and comments" for the seal to appear on the document. (Entered: 08/04/2014) |
| 08/07/2014 | 5 | Agreement to Magistrate Judge Jurisdiction. Party agrees to Magistrate Judge Jurisdiction. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (MAP) (Entered: 08/07/2014) |
| 08/07/2014 | 6 | Service Returned Unexecuted by Thomas E Perez: re Summons/Complaint as to Local 1 Independent Certified Emergency Professionals. (LSP) (Entered: 08/07/2014) |
| 08/20/2014 | 7 | SERVICE EXECUTED : Proof of Service re: Complaint and Summons upon Joshua Barkley on 8/13/2014. (KMG) (Entered: 08/20/2014) |
| 08/26/2014 | 8 | Party Elects Assignment of Case to District Judge Jurisdiction. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (MAP) (Entered: 08/26/2014) |

04/12/2016 01:08 PM

| | | |
|---|---|---|
| 08/26/2014 | 9 | MINUTE ORDER: Pursuant to Local Rule 3.7(b), a request has been received for a random reassignment of this case to a District Judge. FURTHER ORDERED Case reassigned by random draw to Judge Neil V. Wake. All further pleadings/papers should now list the following COMPLETE case number: CV-14-1723-PHX-NVW. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (MAP) (Entered: 08/26/2014) |
| 08/26/2014 | 10 | ORDER that motions pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c) are discouraged if the defect can be cured by filing an amended pleading. Therefore, the parties must meet and confer prior to the filing of such motions to determine whether it can be avoided. FURTHER ORDERED that Plaintiff serve a copy of this Order upon Defendant and file notice of service. See order for details. Signed by Judge Neil V. Wake on 8/26/14. (NKS) (Entered: 08/26/2014) |
| 08/26/2014 | 11 | STRICKEN by Court Order doc.# 22 ... ANSWER to 1 Complaint by Joshua Barkley, ICEP President and Volunteer Representative *for* Local 1 Independent Certified Emergency Professionals.(LFIG) Modified on 9/22/2014 (KMG). (Entered: 08/26/2014) |
| 08/26/2014 | 12 | STRICKEN by Court Order doc.# 22 ... COUNTERCLAIM against Thomas E Perez filed by Joshua Barkley. (LFIG) Modified on 9/22/2014 (KMG). (Entered: 08/26/2014) |
| 08/26/2014 | 13 | STRICKEN by Court Order doc.# 22 ... THIRD PARTY COMPLAINT against United States Department of Labor, Thomas Hayes, Edward Oquendo, PMT Ambulance, John Wilson, Beverly Lemoine, Greg Empey, Phillip Maskell, Craig Clifford filed by Joshua Barkley. (Same PDF as Doc. 12 )(LFIG) Modified on 9/22/2014 (KMG). (Entered: 08/26/2014) |
| 08/26/2014 | 14 | *MOTION *Request to Keep Address Confidential* by Joshua Barkley . (LFIG) *Modified text on 8/26/2014 (LFIG). (Entered: 08/26/2014) |
| 08/26/2014 | 15 | MOTION to Allow Electronic Filing by Joshua Barkley. (LFIG) (Entered: 08/26/2014) |
| 08/26/2014 | 16 | REQUEST BY NON-PRISONER PRO SE PARTY FOR ELECTRONIC NOTICING filed by Joshua Barkley. Pro se |

| | | parties must promptly notify the Clerks Office, in writing, if there is a change in designated e-mail address or mailing address. (LFIG) (Entered: 08/26/2014) |
|---|---|---|
| 08/26/2014 | 17 | STRICKEN by Court Order doc.# 22 ... Additional Attachments to Main Document *Articles* re: 13 Third Party Complaint, 12 Counterclaim by Counter Claimant Joshua Barkley, ThirdParty Plaintiff Joshua Barkley. (LFIG) Modified on 9/22/2014 (KMG). (Entered: 08/26/2014) |
| 08/27/2014 | 18 | ORDER that the Motion to Allow Electronic Filing (Doc. 15 ) is granted. FURTHER ORDERED that pro se Counter Claimant/Third Party Plaintiff Joshua Barkley shall comply with all rules outlined in the District of Arizona's Case Management/Electronic Case Filing Administrative Policies and Procedures Manual. See order for complete details. Signed by Judge Neil V. Wake on 8/27/14. (NKS) (Entered: 08/27/2014) |
| 08/27/2014 | 19 | ORDER that the Motion (Doc. 14 ) is denied without prejudice to filing a further motion that gives specific justification for keeping Counter Claimant/Third Party Plaintiff Joshua Barkley's address confidential. Signed by Judge Neil V. Wake on 8/27/14. (NKS) (Entered: 08/27/2014) |
| 09/11/2014 | 20 | NOTICE re: Service by Thomas E Perez . (Leavitt, Lon) (Entered: 09/11/2014) |
| 09/11/2014 | 21 | MOTION to Strike *Answer and Other Filings* by Thomas E Perez. (Attachments: # 1 Text of Proposed Order) (Leavitt, Lon) (Entered: 09/11/2014) |
| 09/22/2014 | 22 | ORDER that the papers filed by Joshua Barkley (Doc. 11 , 12 , 13 , 17 ) are stricken. The Motion to Strike Answer and Other Filings (Doc. 21 ) is granted. FURTHER ORDERED that Plaintiff show cause by October 10, 2014, why this action should not be dismissed for failure to prosecute unless before then a responsive pleading or an application for entry of default has been filed. Signed by Judge Neil V Wake on 9/22/2014.(KMG) (Entered: 09/22/2014) |
| 09/22/2014 | 23 | First MOTION to Intervene by Joshua Barkley. (Barkley, Joshua) (Entered: 09/22/2014) |

| | | |
|---|---|---|
| 09/23/2014 | 24 | *First MOTION to Vacate 22 Order on Motion to Strike by Joshua Barkley. (Barkley, Joshua) *Plaintiff notified of LRCiv 7.1(a)1 Title page on 9/24/2014 (KMG). (Entered: 09/23/2014) |
| 09/23/2014 | 25 | APPLICATION for Entry of Default by Plaintiff Thomas E Perez against Local 1, Independent Certified Emergency Professionals. (Attachments: # 1 Declaration in Support of Application for Entry of Default, # 2 Proposed Default) (Leavitt, Lon) (Entered: 09/23/2014) |
| 09/23/2014 | 26 | *Additional Attachments *proposed order* to Main Document re 23 First MOTION to Intervene by Joshua Barkley. (Barkley, Joshua) *Modified to correct event on 9/23/2014 (KMG). (Entered: 09/23/2014) |
| 09/23/2014 | 27 | *Additional Attachment to Main Document re 24 First MOTION to Vacate 22 Order on Motion to Strike by Joshua Barkley. (Barkley, Joshua) *Modified to correct event on 9/23/2014 (KMG). (Entered: 09/23/2014) |
| 09/23/2014 | 28 | ORDER that the Motion to Intervene of Intervenor-Applicant Joshua Barkley (Doc. 23 ) is denied without prejudice to filing a motion that complies with the rules. Signed by Judge Neil V Wake on 9/23/2014.(KMG) (Entered: 09/23/2014) |
| 09/24/2014 | 29 | ORDER denying the 24 Motion to Vacate Order; denying Plaintiff's 25 Application for Entry of Default. IT IS FURTHER ORDERED that Defendant's time to file a responsive pleading is extended to October 17, 2014. No further extension will be granted. Signed by Judge Neil V. Wake on 9/24/14.(CLB) (Entered: 09/24/2014) |
| 10/15/2014 | 30 | *** STRICKEN by Doc. 34 (including attachments) - ANSWER to 1 Complaint , CROSSCLAIM against All Plaintiffs, COUNTERCLAIM against Thomas E Perez by Joshua Barkley. (Attachments: # 1 Supplement cross-claim, # 2 Supplement Defense articles)(Barkley, Joshua) Modified on 10/27/2014 (NKS). (Entered: 10/15/2014) |
| 10/16/2014 | 31 | MOTION to Strike 30 Answer to Complaint, Crossclaim, Counterclaim by Thomas E Perez. (Attachments: # 1 Text of Proposed Order)(Leavitt, Lon) (Entered: 10/16/2014) |
| 10/20/2014 | 32 | ORDER that Joshua Barkley file by 10/27/14, at 5:00 PM, a response to Plaintiff's Motion to Strike (Doc. 31 ). |

| | | |
|---|---|---|
| | | Signed by Judge Neil V. Wake on 10/20/14. (NKS) (Entered: 10/20/2014) |
| 10/26/2014 | 33 | RESPONSE to Motion re: 31 MOTION to Strike 30 Answer to Complaint, Crossclaim, Counterclaim filed by Joshua Barkley. (Attachments: # 1 Text of Proposed Order)(Barkley, Joshua) (Entered: 10/26/2014) |
| 10/27/2014 | 34 | ORDER that Plaintiff's Motion to Strike Answer and Other Filings (Doc. 31 ) is granted. FURTHER ORDERED that the purported Answer (Doc. 30 ), Cross-claim Countersuit (Doc. 30 -1), and attachments (Doc. 30 -2) are stricken. FURTHER ORDERED that Defendant's time to file a responsive pleading by an attorney admitted to practice in this court is extended to 11/10/14. No further extension will be granted. If Defendant does not file a proper responsive pleading by 11/10/14, Plaintiff may thereafter file an application for entry of default. Signed by Judge Neil V. Wake on 10/27/14. (NKS) (Entered: 10/27/2014) |
| 11/13/2014 | 35 | APPLICATION for Entry of Default by Plaintiff Thomas E Perez against Local 1, Independent Certified Emergency Professionals. (Attachments: # 1 Declaration in Support of Application for Entry of Default, # 2 Proposed Default) (Leavitt, Lon) (Entered: 11/13/2014) |
| 11/14/2014 | 36 | Clerk's ENTRY OF DEFAULT as to Local 1 Independent Certified Emergency Professionals. (KMG) (Entered: 11/14/2014) |
| 11/14/2014 | 37 | MOTION for Default Judgment as to Defendant Local 1, Independent Certified Emergency Professionals by Thomas E Perez. (Attachments: # 1 Proposed Default Judgment)(Leavitt, Lon) (Entered: 11/14/2014) |
| 11/17/2014 | 38 | ORDER that Plaintiff submit a revised form of proposed default judgment that is specific as to the conduct required and the times in which it must be done. See order for details. Signed by Judge Neil V. Wake on 11/17/14. (NKS) (Entered: 11/17/2014) |
| 12/01/2014 | 39 | NOTICE re: Lodging Proposed Default Judgment by Thomas E Perez . (Attachments: # 1 Proposed Default Judgment)(Leavitt, Lon) (Entered: 12/01/2014) |

| 12/03/2014 | 40 | DEFAULT JUDGMENT - granting Plaintiff's Motion for Default Judgment (Doc. 37 ). Signed by Judge Neil V Wake on 12/2/2014. (See Default Judgment for complete details.)(KMG) (Entered: 12/03/2014) |
| 04/16/2015 | 41 | NOTICE re: Certification of Election by Thomas E Perez . (Attachments: # 1 Certification of Election, # 2 Declaration of Patricia J. Fox)(Leavitt, Lon) (Entered: 04/16/2015) |
| 12/08/2015 | 42 | *** STRICKEN by Doc. 43 - MOTION for Expedited Clarification by Joshua Barkley. (KMG) Modified on 12/8/2015 (NKS). (Entered: 12/08/2015) |
| 12/08/2015 | 43 | ORDER that the Motion for Expedited Clarification (Doc. 42 ) filed by non- party Joshua Barkley is stricken. Signed by Judge Neil V. Wake on 12/8/15. (NKS) (Entered: 12/08/2015) |

# Exhibit 2

| | |
|---|---|
| **Subject:** | Re: FOIA Request 765260 |
| **From:** | joshua barkley (jbarkley40@yahoo.com) |
| **To:** | OLMS-FOIA@dol.gov; |
| **Date:** | Wednesday, December 31, 2014 8:33 AM |

Your dissertation on openness and transparency along with your Investigative proceeding exemption are rejected. The investigation is over. You have your default judgement and we have been made aware by your investigators that the complainant and your senior lawyers have been operating outside of your stated exemption.

Therefore your rejection will be seen as biased and your supervised election pre-determined.

Please provide the names of the Officials that approved this rejection.

Joshua Barkley

On Tuesday, December 30, 2014 11:22 AM, OLMS-FOIA <OLMS-FOIA@dol.gov> wrote:

**U.S. Department of Labor**

Office of Labor-Management Standards Washington, DC 20210 (202) 693-0123 Fax: (202) 693-1340

December 30, 2014

Mr. Joshua Barkley, President
Independent Certified Emergency Professionals (ICEP)
2234 W. Riviera Drive
Tempe, AZ 85282
jbarkley40@yahoo.com

Dear Mr. Barkley:

This is the final response to your request under the Freedom of Information Act (FOIA). You emailed your request to the Office of the Solicitor in the U.S. Department of Labor, and it was forwarded here, to the U.S. Department of Labor's Office of Labor-Management Standards (OLMS) on December 17, 2014 for a disclosure determination. You requested four sets of documentation, correspondence, and records involving an election complaint against ICEP of Arizona.

OLMS is committed to the principles of openness and transparency in making disclosure determinations. However, upon researching your request, I learned that all the records requested are records compiled for OLMS enforcement and investigative proceedings that are currently pending. Consequently, no records will be released at this time. I am asserting Exemption 7(A) of the FOIA [codified at 5 U.S.C. §552(b)(7)(A)] to justify nondisclosure.

Exemption 7(A) authorizes the withholding of records or information compiled for law enforcement purposes, to the extent that production could reasonably be expected to interfere with enforcement proceedings. While the types of "law enforcement proceedings" to which Exemption 7(A) may be applicable have been broadly interpreted, the courts have held such proceedings to include criminal and civil actions, as well as regulatory proceedings.

Please be advised that the OLMS enforcement and investigative proceedings remain open, because OLMS has not conducted the supervised union election. Accordingly, no documentation, correspondence, or records involving the election complaint against ICEP of Arizona can be disclosed until after OLMS conducts the supervised union election, issues a determination certifying to the court the election results, and closes its case. Any disclosure of information at this time could prematurely reveal the nature, direction, and scope of the investigation; critically impede the willingness of potential witnesses to voluntarily disclose information and thereby interfere with the ability of OLMS to obtain additional information; obstruct OLMS fact-finding efforts; and significantly diminish the effectiveness of future enforcement efforts by OLMS.

I believe that OLMS has been responsive to your request. However, if you disagree and you wish to have my decision reviewed, you may do so by requesting such a review from the Office of the Solicitor of Labor. The Department of Labor regulations (29 C.F.R. §70.22) provide that when a request for access to records has been denied in whole or in part, the requestor may file an administrative

appeal within 90 days from the date of the denial. The appeal must be in writing and must state the grounds for an appeal, including any supporting statements or arguments. When filing an appeal, you should include a copy of your initial FOIA request and a copy of this letter. To facilitate processing, you may wish to fax your appeal to (202) 693-5539. The appeal must be addressed to:

Solicitor of Labor
U.S. Department of Labor
Rm. N-2428
200 Constitution Avenue, N.W.
Washington, D.C. 20210

If mailed, both the envelope and the letter of appeal itself should be clearly marked: "Freedom of Information Act Appeal." Please refer to tracking number **7 6 5 2 6 0** for correspondence related to this request.

The 2007 FOIA amendments created the Office of Government Information Services (OGIS) to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. It is important to note that the services offered by OGIS, is not an alternative to filing an administrative FOIA appeal. You may contact OGIS in any of the following ways:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road - OGIS
College Park, MD 20740-6001 E-mail: ogis@nara.gov
Web: https://ogis.archives.gov
Telephone: 202-741-5770
Fax: 202-741-5769
Toll-free: 1-877-684-6448

Sincerely,

Andrew Auerbach
Deputy Director

By: /s/      Andrew Davis, Chief
              Division of Interpretations and Standards
              Office of Labor-Management Standards

# FREEDOM OF INFORMATION ACT REQUEST

To: FOIA Officer, OLMS -DOL
From: Joshua Barkley,
Address: 2234 W Riviera Drive, Tempe Arizona, 85282
Subject: All correspondence with Complainant
ICEP elections
Date: May 4th, 2015 OLMS

FOIA Officer

1) Under the Freedom of Information Act, we are requesting all correspondences between all senior level Counsel, Lawyer or Officer of the OLMS and / or Department of Labor representatives to Judge Neil V. Wake of the United States District Courts of Arizona

2) I am requesting copies of all directives and correspondences sent from all senior level Counsel, Lawyer or Officer of the OLMS and or the Department of Labor sent to Edward Oquendo, Phoenix Beausoleil, Thomas Hayes or any other OLMS official, employee or investigator concerning the elections of Officers of the ICEP of Arizona.

3) I am requesting all correspondences sent from all senior level Counsel, Lawyer or Officer of the OLMS and / or the Department of Labor sent to The Department of Justice, Prosecutor, Officer or employee concerning case # CV-14-01-01723-PHX-NVW

4) I am requesting all correspondence sent or received from any OLMS, Department Of Labor officer, and representative to any PMT Ambulance officers, representative or employee, any Rural Metro Corporation officer, representative or employee or any Oak Tree Capital Group officer or employee.

5) I am requesting all physical evidence used in DOL's "certification of election. Specifically, any documents showing the change in constitution and by-laws was done incorrectly and any documents that show dues were not paid or asked for by the existing union officers of the Independent Certified Emergency Professionals of Arizona during that time period.

I need this information to ensure Rules of Civil Procedure are enforced and the election was fair and unbiased. I will pay for all costs associated with this request.

Thank You

Joshua S Barkley
2234 W Riviera Drive
Tempe, Arizona, 85282
480-213-6777
Jbarkley40@yahoo.com

**Subject:**    Acknowledgment

**From:**    Miller, Darlene - SOL (Miller.Darlene@dol.gov)

**To:**    coachjbar@yahoo.com;

**Cc:**    Oliver.Ramona@dol.gov; Holston.Michael@dol.gov; Bobian.Della@dol.gov;

**Date:**    Monday, May 11, 2015 8:42 AM

Mr. Barkley:

Your request has been assigned to OLMS with tracking number **776556**. When they begin processing it, you will be able to track its progress at www.dol.gov/foia. If you need to contact them about it for any reason, please phone 202-693-1254 and reference the tracking number at the tie of this call.

Sincerely,

**Darlene Miller**

Government Information Specialist, Office of Information Services

Office of the Solicitor | Management & Administrative Legal Services

U.S. Department of Labor

200 Constitution Avenue NW, Rm. N2420

Washington, DC 20210

(202) 693-5442 (O) | (202) 693-5389 (F) | miller.darlene@dol.gov (E)

---

**From:** joshua barkley [mailto:coachjbar@yahoo.com]
**Sent:** Wednesday, May 06, 2015 2:43 PM
**To:** FOIARequests
**Subject:** FOIA REQUEST

**Subject:**    RE: third request for document

**From:**      Beausoleil, Phoenix - OLMS (Beausoleil.Phoenix@dol.gov)

**To:**        coachjbar@yahoo.com;

**Date:**      Saturday, July 4, 2015 7:06 AM

Josh,

Yesterday was a Federal Holiday and therefore I did not work. Please contact me Monday to discuss your email when I am back in the office.

---

**From:** joshua barkley [mailto:coachjbar@yahoo.com]
**Sent:** Friday, July 03, 2015 10:49 AM
**To:** Beausoleil, Phoenix - OLMS
**Subject:** third request for document

Phoenix

I have called you several times and left a message. I have emailed you now, 3 times and still have no documents. I need you to make a definitive statement on the status of the investigation into the ICEP election of March, 2015. I need this in writing from you to affirm the position of the Department of Labor's FOIA officer that the investigation is ongoing.

There is a US District court case concerning this matter that is in progress now, with documents ordered by the court to be delivered staring July 9th, 2015. If you do not respond, I will submit your refusal to respond as my position along with the answer to the FOIA requests to your agency.

Joshua Barkley

**Subject:** FOIA Request 776556

**From:** OLMS-FOIA (OLMS-FOIA@dol.gov)

**To:** Jbarkley40@yahoo.com;

**Date:** Tuesday, May 19, 2015 8:03 AM

**U.S. Department of Labor**

Office of Labor-Management Standards

Washington, DC 20210

(202) 693-0123 Fax: (202) 693-1340

May 19, 2015

Joshua S. Barkley

2234 W. Riviera Drive

Tempe, AZ 85282

Jbarkley40@yahoo.com

Dear Mr. Barkley:

This is the final response to your request under the Freedom of Information Act (FOIA). Your request was received by the U.S. Department of Labor's Office of Labor-Management Standards (OLMS), on May 11, 2015 for a disclosure determination. You requested, "all correspondence between: 1) all senior level, Lawyer or Officer of the OLMS and/or Department of Labor representatives to Judge Neil V. Wake of the United States District Courts of Arizona; 2) all senior level Counsel, Lawyer or Officer of OLMS and or the Department of Labor sent to Edward Oquendo, Phoenix Beausoleil, Thomas Hayes or any other OLMS official, employee or investigator concerning the elections of Officers of the ICEP of Arizona; 3) all senior level Counsel, Lawyer or Officer of the OLMS and/or the Department of Labor sent to The Department of Justice, Prosecutor, Officer or employee concerning case # CV-14-01-01723-PHX-NVW; 4) any OLMS, Department of Labor Officer, and representative to any PMT Ambulance officers, representative or employee, any Rural Metro Corporation officer, representative or employee or any Oak Tree Capital Group officer or employee and 5) all physical evidence used in DOL's 'certification of election.'"

OLMS is committed to the principles of openness and transparency in making disclosure determinations. However, upon researching your request, I learned that all the records requested are records compiled for OLMS enforcement and investigative proceedings that are currently pending. Consequently, no records will be released at this time. I am asserting Exemption 7(A) of the FOIA [codified at 5 U.S.C. §552(b)(7)(A)] to justify nondisclosure.

Exemption 7(A) authorizes the withholding of records or information compiled for law enforcement purposes, to the extent that production could reasonably be expected to interfere with enforcement proceedings. While the types of "law enforcement proceedings" to which Exemption 7(A) may be applicable have been broadly interpreted, the courts have held such proceedings to include criminal and civil actions, as well as regulatory proceedings.

Please be advised that the OLMS enforcement and investigative proceedings remain open. Accordingly, no documentation, correspondence, or records involving the Independent Certified Emergency Professionals (ICEP) Local 1 election process can be disclosed until after OLMS officially closes its case.

I believe that OLMS has been responsive to your request. However, if you disagree and you wish to have my decision reviewed, you may do so by requesting such a review from the Office of the Solicitor of Labor. The Department of Labor regulations (29 C.F.R. §70.22) provide that when a request for access to records has been denied in whole or in part, the requestor may file an administrative appeal within 90 days from the date of the denial. The appeal must be in writing and must state the grounds for an appeal, including any supporting statements or arguments. When filing an appeal, you should include a copy of your initial FOIA request and a copy of this letter. To facilitate processing, you may wish to fax your appeal to (202) 693-5539. The appeal must be addressed to:

Solicitor of Labor

U.S. Department of Labor

Rm. N-2428

200 Constitution Avenue, N.W.

Washington, D.C. 20210

If mailed, both the envelope and the letter of appeal itself should be clearly marked: "Freedom of Information Act Appeal." Please refer to tracking number 7 7 6 5 5 6 for correspondence related to this request.

The 2007 FOIA amendments created the Office of Government Information Services (OGIS) to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. It is important to note that the services offered by OGIS, is not an alternative to filing an administrative FOIA appeal. You may contact OGIS in any of the following ways:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road - OGIS
College Park, MD 20740-6001 E-mail: ogis@nara.gov
Web: https://ogis.archives.gov
Telephone: 202-741-5770
Fax: 202-741-5769
Toll-free: 1-877-684-6448

Sincerely,

Andrew Auerbach

Deputy Director

By: /s/     Andrew Davis, Chief

Division of Interpretations and Standards

Office of Labor-Management Standards

# FROM THE DESK OF
## *Joshua Barkley*, NREMT-P



To: Election Supervisor, ICEP election
Employer: PMT Ambulance
Date: February 12th, 2015
Subject: Contesting election candidates and proceedings

Sir:

Attached to this email you will find letters, addendums and evidence sent to Judge Neil V. Wake via Priority mail today.  It outlines, very clearly, the election mismanagement and fraudulent manipulation of the election by an International Union and their co-horts.  The International Association of EMTs and Paramedics has a "blocked" petition for election at the NLRB to represent the PMT Employees in place of the ICEP.  This election was blocked for the never ending and pervasive domination of the ICEP union through managements unfair labor practices.  Now, we find out that this International has used the OLMS, the DOJ and the US District Courts to sidestep the legal findings of the NLRB.

As they present themselves to you as a "member in good standing" to initiate an election for officers, they are now using it to decertify the ICEP with your assistance.  We have asked for all information pertaining to this election and you have refused.

Exparte' communications,
Communications with the complainant during an investigation,
Partial distribution of that information and blocking the current administration from the same courtesy while hiding it behind rules that you clearly did not follow for the complainant.

With all of that in mind, I am asserting:

1)  Greg Empey, Tony Lopez, John Gary, are working with the IAEP to decertify or transfer this union through an officer election.
2) Trustee Candidate Jason Smith and Supporter Phillip Markell unleashed a character assignation of myself and another presidential candidate, Kristie Sandwich on a "election page" created by Dary Sardad, an international organizer for the IAEP and not an employee of PMT Ambulance.

# FROM THE DESK OF
## *Joshua Barkley*, NREMT-P



3) These gentlemen, and people like them, repeated the same behavior when a neutral party that wanted real information, created his own page and invited all to present their positions.  Miss Sandwich was relentlessly attacked by Kara Wallace, Shae Freeman, and the two aforementioned candidates and PMT employees until Sandwich dropped out and the neutral party shut the page down due to the violent behavior exhibited in that venue.

4) Refusal of all "Freedom of Information Act" requests while admitting that the OLMS officers gave information to the complainant and the senior level counsel for the Solicitor General had "exparte' communications with the Judge.

5) Violating the rules of the OLMS on constitution and by-law usage

6) Violating the rules of the OLMS on incumbent authority

7) Violating the NLRA over domination of a union.

8) Violating the rules of "member in good standing" and the rights of the dues paying members while stating that no dues were "ever collected".  Clearly not true as they are pasted on your website by law.

9) Making non dues paying members voters without membership requirement.

10) Reinstating individuals that lost their membership for the same reasons they have repeated in your venue.

We will contest your participation with vote counting, your unlawful exparte' communications that violate the 1st, 4th and 5th amendment rights of the participants, your unlawful sharing of information with Greg Empey and his supporters while refusing us the same.

You have a vote of "no confidence" from the presidential candidates on the OLMS handling of this matter.  Empey , Lopez and Gary should be removed for election fraud, dual unionism, and unlawful attacks on candidates.  Jason Smith and Phillip Maskell should face the same discipline and be recused of any participation from this election whatsoever.  Your failure to do an investigation when asked is only surpassed by the hiding of the information that your officers have already admitted exists.

/s/ Joshua S. Barkley
jbarkley40@yahoo.com
480-213-6777