WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua S. Barkley,<br><br>Plaintiff,<br><br>v.<br><br>United States Department of Labor, *et al.*,<br><br>Defendants. | No. CV-16-2777-PHX-DMF<br><br><br><br>**ORDER** |

This case arises from Plaintiff's action alleging that Defendant U.S. Department of Labor ("DOL" or "Defendant") violated the Freedom of Information Act ("FOIA") in its responses to Plaintiff's multiple FOIA requests. (Doc. 1 at 2) Pending is Defendant's Motion for Summary Judgment (Doc. 34), to which Plaintiff filed a Response (Doc. 37). Defendant then filed a Reply (Doc. 38). The Court has federal question jurisdiction and, upon the parties' consent to Magistrate Judge jurisdiction, pursuant to 28 U.S.C. § 636(c). (Doc. 27) For the reasons set forth below, Defendant's Motion will be granted and this action terminated.

**I.    BACKGROUND**

Plaintiff states that he was a Professional Medical Transport ("PMT") employee, a previous officer of the Independent Certified Emergency Professionals ("ICEP") union organization, and a candidate in an election of officers in the ICEP that was supervised by Defendant. (Doc. 1 at 2) In 2014, Defendant commenced an investigation of a complaint that the ICEP had failed to conduct an election of officers required by federal law (Doc.

35 at 1), which resulted in the court-ordered election of ICEP officers in which Plaintiff was a candidate. (*Id.* at 2) The Secretary of Labor filed a complaint in this Court, alleging that ICEP violated 29 U.S.C. § 481(b) and 29 C.F.R. § 452.23 by failing to hold an election of officers at a minimum of once every three years. (*Perez v. Independent Certified Emergency Professionals*, CV-14-01723-PHX-NVW, Doc. 1 at 1-2) The Court entered default judgment in that matter on December 3, 2014 and ordered ICEP to conduct an election of officers, to be supervised by DOL. (*Id.*, Doc. 40)

As alleged in the current action, between July 2014 and April 2016, Plaintiff made seven FOIA requests to DOL for documents pertaining to the DOL investigation and the ICEP election. (Doc. 35-1 at 14-77) In response to Plaintiff's first FOIA request dated July 4, 2014 (*Id.* at 15-16), DOL advised him that he could file an administrative appeal within 90 days of the date of denial. (*Id.* at 45-46) The date of DOL's denial notice was September 5, 2014. (*Id.* at 45) Plaintiff's second FOIA request was made on December 16, 2014, and DOL's notice of denial was dated December 30, 2014 (*Id.* at 50-51). Plaintiff's third FOIA request was dated December 17, 2014 (*Id.* at 36-37), and the denial notice was dated December 30, 2014 (*Id.* at 53-54). Plaintiff submitted his fourth FOIA request on May 6, 2015 (*Id.* at 29-30), which DOL denied on May 19, 2014 (*Id.* at 56-57). Plaintiff's fifth FOIA request was submitted to DOL on August 25, 2015 (*Id.* at 32-36), and DOL denied it on August 28, 2015 (*Id.* at 59-60). Plaintiff submitted his sixth FOIA request on October 30, 2015 (*Id.* at 38-40), after which DOL denied it on November 6, 2015 (*Id.* at 62-63). Plaintiff made his seventh FOIA request on April 1, 2016. (*Id.* at 65-77) This request was partially denied, as is discussed in greater detail below.

The Office of Labor-Management Standards ("OLMS") within DOL advised Plaintiff that while researching his requests, it determined that the records he sought "are records compiled for OLMS enforcement and investigative proceedings that are currently pending." (*Id.* at 45, 50, 53, 56, 59, 62) Respecting each of Plaintiff's first six requests, the DOL denials were based on Exemption 7(A) of the FOIA (5 U.S.C. § 552(b)(7)(A)),

that DOL advised Plaintiff "authorizes the withholding of records or information compiled for law enforcement purposes, to the extent that production could reasonably be expected to interfere with enforcement proceedings[,]" and which DOL noted had been construed by courts to include "criminal and civil actions, as well as regulatory proceedings." (*Id.* at 45, 50, 53, 56, 59, 62)

After the DOL denied Plaintiff's sixth request on November 6, 2015, the DOL investigation concluded, thus removing the supplication of the Exemption 7(A) bar. (Doc. 35 at 7) On April 5, 2016, DOL notified Plaintiff it had received his seventh request, and that the request was "complex," which would require about 60 days to process. (Doc. 35-1 at 75) DOL made an initial release of documents responsive to the seventh request on August 30, 2016 and notified Plaintiff he could appeal within 90 days of this initial release. (*Id.* at 90-92) On September 28, 2016, the DOL made a second release of documents and again notified Plaintiff of his right to an administrative appeal within 90 days of the date on the FOIA response document. (*Id.* at 99-100) DOL asserts that it received no additional FOIA requests from Plaintiff after April 1, 2016. (Doc. 35 at 12)

Plaintiff sent DOL an email dated February 29, 2016, stating that he was appealing DOL handling of a number of FOIA requests. (Doc. 35-1 at 103) Defendant DOL's Statement of Facts avers that:

> 63. On February 29, 2016, Plaintiff submitted an email indicating he was appealing the handling of several FOIA requests, and attached copies of requests that were purportedly dated July 24, 2015; May 4, 2015 (identical to Request 4, received by email dated May 6, 2015); November 15, 2015 (identical to one of the requests included in Request 7); and November 19, 2015 (identical to the amended Request 6, except omitting bullet point 7).
>
> 64. On March 30, 2016, the DOL's Appeals Unit, Office of the Solicitor General, sent Plaintiff a letter acknowledging receipt of his appeal.
>
> 65. Pursuant to Department regulations, a party must file an appeal within 90 days of the date of the action being appealed. In addition, the appeal must include the assigned request number, copies of the initial request, and the agency's response to that request.

> 66. Mr. Barkley's submission was deficient in that it was not submitted within 90 days of any agency response, did not include the assigned request number for each request, and did not contain copies of the agency's response to those requests. Furthermore, the letters Mr. Barkley attached to his email did not correspond to the requests he originally sent to the agency. For instance, he attached a July 24, 2015 letter that appears to correspond to only a portion of Request 5, which he actually submitted by email on August 25, 2015; he also attached letters dated November 15 and 19, 2015, which were not submitted to the agency on those dates, but appear to be portions of Requests 6 and 7.
>
> 67. On September 9, 2016, the DOL issued its final response to Plaintiff's appeal. In its response, the agency noted that it had made an initial disclosure to Plaintiff's request on August 30, 2016, and that it anticipated making the second disclosure by September 30, 2016.
>
> 68. The agency notified Plaintiff that his appeal was therefore being closed as moot, and informed him that he could file a new appeal with respect to any additional responses if he chose to do so. Plaintiff submitted no other appeal than the February 29, 2016 appeal.

(Doc. 35 at 12-13) (citations to record omitted).[1]

After Defendant filed its Motion for Summary Judgment (Doc. 34) and associated Statement of Facts (Doc. 35), this Court issued an Order pursuant to *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (*en banc*). (Doc. 36) The Court instructed Plaintiff that Rule 56.1 of the Local Rules of Civil Procedure required him to provide his own separate statement of facts, specifically addressing Defendant's statement of facts, by "correspondingly numbered paragraph indicating whether [he] disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed[.]" (*Id.* at 2) This Court cautioned that if Plaintiff did not comply with the Local Rule requirements, such non-compliance "may be deemed a consent to the . . . granting of the motion and the Court

---

[1] As is discussed below, Plaintiff failed to submit a separate statement of facts disputing any of Defendant's statement of facts. Accordingly, to the extent this Section I Background relies on Defendant's Statement of Facts (Doc. 35) and supporting documents, these statements are considered to be uncontroverted.

- 4 -

may dispose of the motion summarily." (*Id.* at 3) Despite this explicit instruction, Plaintiff did not file a separate statement of facts controverting any of Defendant's statements.

DOL made a discretionary release of additional redacted documents on March 30, 2017. (Doc. 35-1 at 114-116) This release included 238 redacted pages. (Doc. 34 at 4) DOL explains that this release comprised documents previously provided with redactions, documents that were previously withheld from its response to Plaintiff's seventh request, and pages not earlier identified or released that were "potentially responsive" to Plaintiff's seventh request. (*Id.*)

## II. LEGAL STANDARDS

### A. Summary Judgment

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A material fact is one that might affect the outcome of the suit under the governing law, and a factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims . . . ." *Celotex*, 477 U.S. at 323-24. Summary judgment is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Liberty Lobby*, 477 U.S. at 247–48. There must be a genuine dispute as to any material fact—a fact "that may affect the outcome of the suit." *Id.* at 248.

Under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the

record, together with affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets its initial responsibility, the burden then shifts to the opposing party who must demonstrate the existence of a material factual dispute. *Liberty Lobby,* 477 U.S. at 248. To carry this burden, the nonmoving party must do more than simply show there is "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In deciding a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party, must not weigh the evidence or assess its credibility, and must draw all justifiable inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Liberty Lobby*, 477 U.S. at 255. Where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 587.

The Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir.2001) (quotation omitted). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

**B.  FOIA**

Under FOIA, courts review *de novo* an agency's decision whether or not to disclose. 5 U.S.C. § 552(a)(4)(B) *See also Louis v. United States Dep't of Labor*, 419 F.3d 970, 977 (9th Cir. 2005) (de novo review "requir[es] no deference to the agency's determination or rationale regarding disclosures). Summary judgment should be granted if the evidence reveals no genuine dispute about any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

**III.  DISCUSSION**

Defendant argues that summary judgment should be granted because: (1) Plaintiff failed to properly exhaust his administrative remedies with respect to his FOIA

requests; (2) Defendant properly handled each of Plaintiff's requests for information, and all non-exempt materials were released to him; and (3) Plaintiff failed to supply factual support for his assertion that DOL improperly withheld non-exempted material. (Doc. 38 at 2-8)

### A. Exhaustion

FOIA requires that, upon receipt of a FOIA request, an administrative agency shall "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) . . . whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, . . . [ and in the case of an adverse determination, of] the right of such person to appeal to the head of the agency, within a period determined by the head of the agency that is not less than 90 days after the date of such adverse determination. . . ." 5 U.S.C. § 552(a)(6)(A)(i). Likewise, an agency must make a determination within 20 days of receipt of an appeal. 5 U.S.C. § 552(a)(6)(A)(ii). If an agency does not respond to a FOIA request within the applicable time period, the requester may file a lawsuit, but

> this option lasts only up to the point that an agency actually responds. Once the agency has responded to the request, the petitioner may no longer exercise his option to go to court immediately. Rather, the requester can seek judicial review only after he has unsuccessfully appealed to the head of the agency as to any denial and thereby exhausted his administrative remedies.

*Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990). "Exhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Id.* (citing *McKart v. United States*, 395 U.S. 185, 194 (1969)).

## B. Analysis

Defendant argues that Plaintiff failed to comply with the requirement of 29 C.F.R. § 70.22 to file an appeal within 90 days of the date of an "adverse determination," which includes denial of a request for access to records. (Doc. 34 at 4-6; 29 C.F.R. § 70.22(a)) Defendant asserts that Plaintiff did not timely appeal Defendant's decisions respecting his first six requests, and failed to appeal at all Defendant's decisions relating to his seventh request. (Doc. 34 at 5) Because of this asserted failure to exhaust required administrative remedies, Defendant argues that Plaintiff's claims are not properly before the Court. (*Id.*)

Plaintiff seems to offer a reason for not timely appealing his second through fifth requests for information. (Doc. 37 at 7) In his Response to Defendant's Motion for Summary Judgment, Plaintiff specifically identified "page 3, line 21 through [page] 6[,] line 11," (apparently referring to Document Number 35, Defendant's Statement of Facts), and then concluded that "[t]here were no appeals filed during this period" because "[i]t made no sense to appeal a FOIA request when the [ICEP union] election hadn't been certified yet and all other requests were denied." (Doc. 37 at 7) Plaintiff states that "[a]n appeal was filed with the Office of Labor Management Standards and Andrew Davis[2] acknowledge[d] the appeal but failed to respond to its contents." (Doc. 37 at 7)

As noted, Local Rule 56.1(a) requires the party moving for summary judgment to file a separate statement "setting forth each material fact on which the party relies in support of the motion." This rule provides that each material fact must be "set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record" to support the material fact, such as affidavits, depositions or discovery responses. LRCiv 56.1(a). Local Rule 56.1(b) requires the opposing party to also file a separate statement, stating whether the opposing party disputes the moving party's statement of facts, and must do so citing each paragraph of the moving party's statement. The

---

[2] Mr. Davis provided a Declaration explaining that he was "the Chief of the Division of Interpretations and Standards Office of Labor-Management Standards ("OLMS") at the United States Department of Labor . . . ." (Doc. 35-1 at 3) He further stated that his office "was responsible for the processing of [Plaintiff's] FOIA requests." (*Id.*)

- 8 -

opposing party is further required to indicate whether he disputes each of the moving party's statements, and if he disputes a statement, he must refer to the "specific admissible portion of the record supporting the party's position . . . ." LRCiv 56.1(b).

Plaintiff has not filed a separate statement of facts as required by Local Rule of Civil Procedure 56.1(b). Moreover, in his response (Doc. 37), Plaintiff does not dispute Defendant's statements respecting the timing or content of Plaintiff's appeals and DOL's responses. Plaintiff's failure to controvert Defendant's statement of facts means that he has "effectively admitted [Defendant's] version of the facts . . . ." *Szaley v. Pima Cnty.*, 371 Fed. App'x 734, 735 (9th Cir. 2010). *See also Malcomson v. Topps Co.*, No. CV-02-2306-PHX-GMS, 2010 WL 383359, at *3 (D. Ariz. Jan. 28, 2010). Accordingly, the Court finds that Plaintiff has not exhausted his administrative remedies.

In his Response, Plaintiff seems to respond to DOL's Statement of Facts Paragraph 4, which states "[o]n March 5, 2015, ICEP held elections, and the DOL subsequently certified the results of the election [citing *Perez v. Local 1, Indep. Certified Emergency Prof'ls*, CV-14-01723-PHX-NVW, Doc. 41]." (Doc. 37 at 5, in reference to Doc. 35 at 2) Plaintiff maintains that this statement is "false," and asserts that "[t]he DOL (Defendant) lacks the authority to self-certify an election in the courts[,]" and seeks to "mislead this court to say the election was certified when it was not." (Doc. 37 at 5-6) In the *Perez* case, the Court ordered DOL "to issue a determination certifying *to the Court* the election results." *Perez*, CV-14-01723-PHX-NVW, Doc. 40 at 4 (emphasis supplied). After the election, Defendants complied with this order. *Id.*, Doc. 41. Plaintiff provides no evidentiary basis for his argument that the election was not certified, and in any event does not substantiate how this claim, even if it were true, is material to his argument in this case that Defendant violated the FOIA.

Plaintiff's Response enumerates four "reasons" he characterizes as establishing material facts that would require denial of Defendant's summary judgment motion: (1) that this Court "already prohibited mention of the election case [referring to *Perez*], disposed of in January 2017"; (2) that DOL mendaciously asserts that the election was not

certified by a court; (3) that DOL is acting in a self-serving manner by refusing to divulge documents "that would show possible unlawful, ex parte, communications; and (4) that the "uncertified election" suggests collusion between DOL and ICEP. (Doc. 37 at 6) Plaintiff also alleges that: (1) two of the DOL officials responsible for supervising the election had stated that the ICEP constitution and by-laws were "altered through ex parte communication"; (2) DOL "closed the 'mail in' ballot box prior to receiving any ballots"; (3) no ballots were counted; and (4) DOL conducted a fraudulent investigation. (*Id.* at 7-8)

In its Motion for Summary Judgment, Defendant argues that its redactions and withholdings of documents requested by Plaintiff were proper under statutory exemptions. (Doc. 34 at 6-16) Defendant explains which statutory exemptions applied and why the exemptions applied, and supports its argument with its Statement of Facts (Doc. 35), a sworn declaration, and a large number of supporting documents. (Doc. 35, 35-1, 35-2, 35-3, 35-4) Moreover, Defendant asserts that its disclosure in March 2017 of an additional 238 pages of redacted documents moots Plaintiff's claims. (Doc. 34 at 13-16) In contrast, Plaintiff has wholly failed to support his "reasons" and allegations of wrongdoing by DOL, the Acting United States Attorney, and "the courts" (Doc. 37 at 4) with specific, admissible evidence in the record. LRCiv 56.1(b). Plaintiff offers no substantive evidence to support his claim that DOL improperly redacted or withheld documents that he had requested.

The U.S. Supreme Court instructs that "the plain language of Rule 56(c) [of the Federal Rules of Civil Procedure] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The Court reasoned that in this circumstance, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23. Here, Plaintiff asserts merely conclusory assertions without

evidentiary support to his opposition to Defendant's Motion. This is not sufficient to establish a genuine issue of material fact. *See, e.g., Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999).

Accordingly,

**IT IS ORDERED** granting Defendant's Motion for Summary Judgment (Doc. 34).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment and terminate this action with prejudice.

Dated this 9th day of June, 2017.

David K. Duncan
United States Magistrate Judge

*Magistrate Judge Duncan signing for Magistrate Judge Fine